No. 6242.

## H. A. TRACY *v.* THE STATE.

1. CARRYING A PISTOL—CHARGE OF THE COURT.—The information charged the appellant with carrying a pistol only, and the evidence on the trial related to the carrying of a pistol only; notwithstanding which the trial court charged the jury with reference to the carrying of a dagger, dirk, slung shot, sword cane, spear, knuckles, etc. *Held* error.

2. SAME.—A charge of the court is erroneous which instructs the jury upon a phase of case not raised by the evidence on the trial.

APPEAL from the County Court of Wichita. Tried below before the Hon. E. W. Foster, County Judge.

The conviction was for carrying a pistol, and the penalty assessed against the appellant was a fine of twenty-five dollars and twenty days in the county jail

*F. C. Martin* and *A. H. Carrigan*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. The information charges that defendant unlawfully carried upon his person a pistol. He was put upon trial upon this charge alone, and all the evidence introduced related to the carrying of no other weapon than a pistol. In

his charge to the jury the court not only instructed with reference to a pistol, but also as to a dagger, dirk, slung shot, sword cane, spear, knuckles, etc.  In fact, he gave in charge to the jury article 318 of the Penal Code, literally and entirely.  Defendant promptly excepted to the charge and reserved a proper bill of exceptions.

Said charge is manifestly erroneous because, in part, it is unwarranted by the pleadings and evidence, and is not the law applicable to the case.  The charge should have been confined to the specific facts—the specific weapon charged in the information, and to which the evidence related.  The error having been excepted to, the judgment must be reversed.

The charge also embraces, literally and in its entirety, article 319 of the Penal Code, which is law not applicable to the evidence in the case, and which should not have been given.

The special instructions requested by the defendant are not the law applicable to the facts in evidence, and were properly refused.

Because of the error in the charge excepted to, as above stated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*