Leslie William **WAGONER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39645.

Court of Criminal Appeals of Texas.

May 11, 1966.

No attorney of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $75.00 and five months in jail.

Officer Bass testified that while on patrol with Officer Jez on the day in question he observed a truck tractor, traveling in the east bound two lanes of Corinth Street in the City of Dallas, almost collide with the center post of a concrete underpass. He further testified that the vehicle then swerved into the right lane, then back to the left and continued weaving through a second underpass where the right outside rear view mirror struck a concrete pillar. The officer stated that the truck then turned onto Lamar Street where it jumped the curb and jack-knifed. He identified the appellant as the driver and stated that the appellant staggered as he got out of the truck and had trouble locating his driver's license, that his eyes were bloodshot and watery and that his breath smelled strongly of the odor of alcohol. The officer then stated that in his opinion appellant was intoxicated.

Officer Jez, testifying to essentially the same facts as set out above, corroborated Officer Bass, and stated that in his opinion the appellant was intoxicated.

Appellant, testifying in his own behalf, admitted that he had consumed three beers at Juliet's Lounge on Corinth Street and had just left there when the misadventure occurred, but contended that he was sober. He further testified to the effect that he collided with the concrete pillar while moving over to allow a car to pass him. He stated that he was covered with mud from an earlier mishap whereby his truck stuck in some mud, and he advanced as the reason for his unsteadiness, the fact that his shoes were slippery from such mud.

Two character witnesses were called by appellant.

■ The jury resolved the conflict in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

There are no formal bills of exception.

■ Appellant complains of the trial court's refusal to allow him to take Officer Bass on voir dire when the question was asked, "Now before you placed the defendant under arrest did he say anything about what he had had to drink, or did he say whether he had had anything to drink?" No reversible error is shown. The same testimony was admitted without an objection when Officer Jez testified that appellant told him during their conversation at the scene that he had had a couple of beers and some whiskey earlier in the evening and when the appellant admitted before the jury that he had consumed three beers at Juliet's Lounge.

■ Appellant sought to raise by motion for new trial an objection to alleged improper jury argument of the prosecutor.

No statement of facts of the jury argument accompanying the record and formal bills having been filed, such contention is not before us for review.

The judgment is affirmed.