**Woodrow Wilson SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41422.**

Court of Criminal Appeals of Texas.

July 17, 1968.

————◆————

Maurice U. Westerfeld, Nancy V. Wester-feld, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Edward B. McDonough, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for attempting to pass as true a forged instrument in writing; the punishment, enhanced under Art. 63, P.C., by reason of two prior non-capital felony convictions, life imprisonment.

It was shown by the state's testimony that on the date alleged the appellant and two other men came into Weingartens Store No. 31, located at 4519 Griggs Road in the city of Houston. Each man presented to the store manager John H. Burnham, Jr., to be cashed, a Dixie Casket Company imprint-ed check that had been stolen and which at the time was a forgery. The store manager, having information that the checks had been stolen, took them into a courtesy booth to verify his information. After having veri-fied that the checks were stolen, he returned to where appellant and his companions were waiting and engaged them in conversation while awaiting the arrival of others to as-sist in apprehending the three. As the as-sistant manager and three store employees approached the booth, the appellant and his companions began to run. Appellant was apprehended in the store by the manager and held until the police arrived.

A check dated May 21, 1967, in the sum of $87.50, payable to Clarence E. Green, drawn on the account of Dixie Casket Com-pany, Inc. in the South Main State Bank of Houston, Texas, and purportedly signed by Carry P. Long, was positively identified by the witness Burnham as the check given him by appellant and was introduced in evidence without objection as state's exhibit #2.

■ Appellant's first ground of error, which insists that the evidence is insuffi-cient to identify the check introduced (state's exhibit #2) as the one which he attempted to pass on the occasion in ques-tion, is overruled.

■ Appellant's second ground, of error, which complains of the court's charge, pre-sents nothing for review, as the record does not contain any written objection to the charge or requested charge presented by ap-pellant, as required by Arts. 36.14 and 36.15, C.C.P. Brock v. State, Tex.Cr.App., 424 S.W.2d 436.

■ The remaining ground of error, #3, complaining of jury argument, is not before us for review, as the record does not contain a transcription of the jury argument nor a formal bill of exception relative thereto. No request appears to have been made by appellant that the court reporter take short-hand notes of the jury arguments. Art. 40.09, Secs. 4 and 6, C.C.P.; Wagoner v. State, Tex.Cr.App., 402 S.W.2d 738; Hill v. State, Tex.Cr.App., 420 S.W.2d 408.

The judgment is affirmed.