Neal Simpson WEBB, Appellant,

v.

The STATE of Texas, Appellee.

No. 41923.

Court of Criminal Appeals of Texas.

March 5, 1969.

Kerr, Fitz-Gerald & Kerr, by Wm. Monroe Kerr, James Fitz-Gerald III, Midland, for appellant.

James A. Mashburn, Dist. Atty., Robert F. Freeman, Asst. Dist. Atty., Midland, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of a .38 caliber revolver in violation of Art. 489c, Vernon's Ann.P.C., with three prior convictions alleged for enhancement; the punishment, life imprisonment.

The evidence shows that on the occasion in question, appellant was found with a pistol in his hand, away from his residence. A prior conviction for burglary, for which appellant served time in the penitentiary, was also shown. In defense, appellant offered evidence that he was in fear of his life because of threats made to him and that such fear justified his possession of the pistol as an incident to his right of self-defense, and that he assaulted the person who he thought was the threatening party.

Appellant's first five grounds of error relate to the trial court's failure to charge the jury on the defensive issue of self-defense and the right to bear arms in self-defense.

Art. 489c provides, in part:

"Section 1. It shall be unlawful for any person who has been convicted of burglary or robbery, or of a felony involving an act of violence with a firearm under the laws of the United States or of the State of Texas, or of any other state, and who has served a term in the penitentiary for such conviction, to have in his possession away from the premises upon which he lives any pistol, revolver or any other firearm capable of being concealed upon the person."

■ The constitutionality of this article, while not challenged by appellant, has been passed upon in our recent cases of Salazar v. State, Tex.Cr.App., 423 S.W.2d 297, and Castillo v. State, Tex.Cr.App., 411 S.W.2d 741. The right of appellant to arm himself in self-defense, as secured to him by Art. 1, Section 23 of the Texas Constitution, Vernon's Ann.St., is in no way infringed by Art. 489c, supra, because appellant might have armed himself with any weapon not prohibited in the article.

While our Constitutional provision relating to the bearing of arms, Art. 1, Section 23, is not in the exact terms of the II Amendment to the United States Constitution, a review of two Federal cases is helpful. In United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206, the Supreme Court held that a Congressional act which prohibited the interstate transportation of a shotgun having a barrel of less than eighteen inches in length did not violate the II Amendment to the United States Constitution.

In Cases v. United States, 1 Cir., 131 F.2d 916, we find the following:

"The Federal Firearms Act undoubtedly curtails to some extent the right of individuals to keep and bear arms but it does not follow from this as a necessary consequence that it is bad under the Second Amendment which reads 'A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed'."

And the Supreme Court of this State in State v. Duke, 42 Tex. 455 (1875), in con-

sidering an Article which was a predecessor of our present Art. 483 V.A.P.C., said:

"The question for our decision is the constitutionality of the Act under which this indictment was proved. It undertakes to regulate the place where, and the circumstances under which, a pistol may be carried; and in doing so, it appears to have respected the right to carry a pistol openly when needed for self-defense or in the public service, and the right to have one at the home or place of business. We hold that the statute under consideration is valid, and that to carry a pistol under circumstances where it is forbidden by the statute, is a violation of the criminal law of this State."

▮ It follows that appellant had no right to carry, outside his premises, the pistol with which he was found, and the possession of which formed the basis of his conviction; and the court did not err in failing to charge that he did in fact have such a right.

▮ In his second group of errors appellant asserts that the court erred in permitting the prosecutor to tell the jury and in charging the jury what punishment might be assessed for a violation of Art. 489c, all at the guilt or innocence stage of the trial, in contravention of Art. 37.07(2)(a), as amended in 1967. This contention has been determined against appellant in our recent holding in Watts v. State, Tex. Cr.App., 430 S.W.2d 200. Grounds of error #6 and 7 are accordingly overruled.

▮ Appellant's final ground of error is that in his charge to the jury at the guilt or innocence stage of the trial, the court equated burglary with robbery and felonies involving acts of violence with a firearm. Reliance is had upon Tracy v. State, 27 Tex.App. 496, 11 S.W. 484. It is obvious from such opinion that the court submitted to the jury all the ways the statute could be violated when only a pistol was charged in the information. In the case at bar, it was essential that the court define the substantive offense and then apply the law to the facts. A similar complaint as is made here was answered by this Court in Helms v. State, 112 Tex.Cr.R. 203, 17 S.W.2d 813, as follows:

"It is complained in substance that the court's charge makes an assault too prominent. The charge appears to be a literal quotation of articles of the statute applicable to the offense charged. We are not able to perceive how the trial court could correctly instruct the jury without giving in charge the statute upon which the prosecution was based. Such a charge being necessary, the complaint is plainly without merit."

Finding no reversible error, the judgment is affirmed.