Daniel William **GRUNDSTROM**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 42639.

Court of Criminal Appeals of Texas.

April 8, 1970.

Rehearing Denied June 24, 1970.

Second Rehearing Denied July 22, 1970.

[redacted]

[redacted]

[redacted]

[redacted]

Melvyn Carson Bruder, Dallas (on appeal), Verne F. Knickerbocker, Midland (court appointed), for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for the offense of robbery by assault. A prior conviction for a like offense was alleged for enhancement; the punishment was assessed at life.

Jay Wadkins, the cashier of a food store in Midland, testified that appellant entered the store armed with a pistol and forced Wadkins to take the money from two cash registers and give it to him. He then ordered Wadkins and Raymond Navarro, Jr., an eighteen-year-old boy who was in the store, to go to the back room, and to show them he "meant business" he fired a shot into a case of beer and left.

Appellant first contends that the trial court erred in not changing venue. There was no motion to change venue. At the time of the trial, appellant was apparently willing to be tried in Midland County, because he filed a motion for a speedy trial. Nothing is presented in the record to show bias or prejudice against appellant, or any other reason the court should have changed venue on its own motion.

[redacted] Complaint is made that the court erred in admitting into evidence certain tangible evidence (burned clothing) which Anne Grundstrom turned over to Officer Gideon of the Midland Police Department. Appellant contends that this was tantamount to a wife testifying against her husband.

The State offered the clothing into evidence, but it was never admitted. A Mrs. Henderson, who lived next door to Anne Grundstrom, testified that she had seen appellant enter the house and leave just a few minutes before the robbery, which was committed some seven blocks away, and she saw him return within a short time and leave again. Mrs. Henderson and her husband then smelled smoke. Mr. Henderson located the source of the smoke when he saw some sort of cloth burning in the back yard at the Grundstrom house and near their fence, and he extinguished the fire. Later, the record shows that Anne Grundstrom handed a sack of burned clothes to the officer.

Appellant, in his brief, states that no testimony was introduced concerning the source of the burned clothing other than it came from Mrs. Grundstrom's automobile.

[redacted] The above does not amount to testimony of a communication between husband and wife as denounced by Article 38.-11, Vernon's Ann.C.C.P. The husband-wife privilege concerning testimony of communications applies to utterances and not acts. See McCormick & Ray, Texas Law of Evidence 2d Sec. 496; Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435, and Wigmore on Evidence 3rd Edition, Sec. 2237. No error has been shown.

[redacted] Next it is contended that the court erred in charging the jury at the guilt

stage of the trial that the punishment for robbery was for any term of years not less than five or for life.

No objection in writing to the charge was given, as required by Article 36.14, V.A.C.C.P. Smith v. State, Tex.Cr.App., 430 S.W.2d 496; Sockwell v. State, Tex.Cr.App., 429 S.W.2d 460. See also Thames v. State, Tex.Cr.App., 453 S.W.2d 495; Webb v. State, Tex.Cr.App., 439 S.W.2d 342, and Watts v. State, Tex.Cr.App., 430 S.W.2d 200.

Complaint is made because the court permitted the witnesses Wadkins and Navarro to identify appellant in the courtroom during the trial.

■ No objection was made to the identification by either witness. Appellant, by cross-examination, went into the matter of the witnesses having seen photographs. Wadkins was asked if he did not fail to identify appellant in the pictures, and he answered:

"I said, 'Here's a couple of pictures that resemble him.' I said, 'They are too far back.' I said, 'I won't go on that now.' But I said, 'You put him in a crowd of a hundred men and line them up, and I'll pick him out in less than sixty seconds.' "

He testified that he saw a second group of twenty to twenty-five pictures and identified two of the appellant in that group.

Wadkins then testified there were no hints to help him make the identification; that he just picked out two of the pictures. When asked on what basis he identified the appellant in the courtroom, he stated that it was based on the first time that he saw him in the store. He further testified that he had looked at appellant while emptying two cash registers and for some five minutes in the back room of the store.

Appellant objected to the testimony about the second group of photographs that Wadkins had seen.

In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, it is stated:

"* * * [c]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972–1973 [18 L.Ed.2d 1199], and with decisions of other courts on the question of identification by photograph."

In the present case there is no showing that the exhibition of photographs was suggestive. No injury or error is shown. See Thames v. State, Tex.Cr.App., 453 S.W.2d 495, and Bowman v. State, Tex.Cr.App., 446 S.W.2d 320, where the matter of the use of photographs for the identification and apprehension of offenders has been discussed.

It should be noted that Lanona Moore testified that she saw appellant leave the food store right after the robbery with a gun in his hand, and he stated to her that a firecracker had gone off. There is no showing that she saw any photographs of appellant prior to trial.

■ Appellant also contends that reversible error was committed, because the court charged the jury not to consider the fact that he did not testify as a circumstance against him.

There was no objection to the charge, and therefore, it is not before us for review. Article 36.14, V.A.C.C.P.

Other matters urged by appellant in argument before this Court are not before us for review, because they were not presented in the appellate brief filed in the trial court in accordance with the provisions of Article 40.09, Sec. 9, V.A.C.C.P.

■ The sentence reads that appellant shall be confined " * * * for not less than five years and not more than life," and since the punishment was enhanced under Article 62, Vernon's Ann.P.C., the indeterminate sentence is not applicable. The sentence is reformed to read that he shall be confined "for life."

The evidence is sufficient to support the conviction, and there being no reversible error, the conviction with the sentence reformed is affirmed.

### OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

■ Appellant's contention is that in our original opinion we did not answer his contention that he had been denied his right of confrontation. In our original opinion, we said, "Later the record shows Anne Grundstrom handed a sack of burned clothes to the officer." We shall elaborate. Captain Gideon testified that he contacted Mrs. Grundstrom and she delivered certain burned clothing to him. The careful trial judge saw to it that nothing Mrs. Grundstrom said to Gideon was admitted in evidence. The state may not have proved that the burned clothing delivered to Gideon was the same that the witness Henderson had seen burning in the yard, but such was not necessary to support this conviction. The fact remains that nothing Mrs. Grundstrom said was admitted and appellant had not been denied the right to confront her.

■ Appellant earnestly urges that we should have abated the appeal so that the trial court might conduct a hearing on appellant's *pro se* objections to the record as is required by Article 40.09, Sec. 7, V.A.C.C.P. We did not discuss this contention originally. This is what occurred. On April 3, 1969, appellant filed his *pro se* objections to the record. On April 25, 1969, the court approved the record stating that "neither the attorney for the State nor for the defense has submitted objections thereto * * *" We will consider the *pro se* objections, in order to determine if the trial court erred in declining to hold a hearing required by Article 40.09, Sec. 7, V.A.C.C.P., supra.

He first requests that the record be corrected to show that he plead not guilty to the primary offense and stipulated to the enhancement features of the indictment. We have examined the record and find that it so reveals.

■ He next contends that the records fail to contain an order of the court on his motion *in limine*. He continues by stating that the court granted his motion *in limine* as to his wife and denied his motion as to his testifying. No written order is required.

He objected to the judgment. We have examined it and find it to be as he says it should be.

He next contends that the sentence should be corrected to show that he answered when the court asked if he had anything to say as to why sentence should not be pronounced against him. However, he does not suggest what he did say.

He next asks that an instrument filed by him in the Justice Court be incorporated in the record. We find this was done.

His last request was for "* * * all formal orders with regard to all motions and pleadings by and for the defendant," be incorporated in the record. As heretofore stated, no written order is required.

In view of such contention, we hold that the trial court did not err in declining to hold the hearing required by Article 40.09, Sec. 7, V.A.C.C.P.

Appellant's motion for rehearing is overruled.