**Jack DESORMEAUX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46444.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Joe B. Goodwin, Beaumont, for appellant.

Tom Hanna and John R. DeWitt, Dist. Attys., Beaumont, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

Upon his plea of guilty before the court on February 20, 1967, the appellant was found guilty under an indictment charging him with defrauding by worthless check in the amount of $2,595.88 and his punishment was assessed at seven years.

The imposition of sentence was suspended and appellant was placed on probation.

Among the conditions of appellant's probation were that he commit no offense against the laws of this State, remain within Jefferson County, unless given permission to leave, file sworn statement each month concerning his total income and report to probation officer as directed.

Following the granting of probation, the State filed a motion and later an amended motion alleging that appellant had violated the laws of this State by giving a worthless check on or about June 30, 1967 to Carlton E. Blume in the amount of $1,537.-18; that appellant departed Jefferson County on August 3, 1967 without permission, had failed to report to his probation officer and had not filed sworn monthly statements of his income.

Appellant attacks the original conviction contending that the indictment on which the defendant was found guilty is fundamentally defective inasmuch as the check alleged to have been given shows on its face that it was not made out to the alleged injured party. The pertinent portion of the indictment in the original conviction alleges that appellant, on the 7th day of September, 1966, with the intent to defraud Edville A. Lorraine, Sr., gave to the said Edville A. Lorraine, Sr., his check in the

amount of $2,959.88, and the check set out in the indictment shows upon its face to be payable to "Boat Miss Elvina." Appellant argues that if the instrument alleged does not show on its face to have been given to the person alleged to have been injured, then there must be innuendo averments showing how an offense was committed. In Donahoo v. State, 162 Tex.Cr.R. 388, 285 S.W.2d 952, it was held failure to raise by motion to quash question that information was fatally defective because it did not contain innuendo averments as to who was meant by "Pig No. 7," named as payee in the check, precludes consideration of question on appeal.

 In an appeal from an order revoking probation, this Court's review is limited to the question of whether an abuse of the trial court's discretion is shown. Wise v. State, Tex.Cr.App., 477 S.W.2d 578; Brooks v. State, Tex.Cr.App., 459 S.W.2d 640; Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825. Patently, appellant, being unable to raise his contention on direct appeal, presents nothing for review when complaint is made for the first time on an appeal from revocation of probation granted under such conviction.

Appellant's next contention merely recites "The court abused his discretion in revoking the probation herein" without specifying in what respect there had been an abuse of discretion by the court. On the hearing, evidence was introduced supporting the allegations of the amended motion to revoke. Appellant, testifying in his own behalf, stated that he left Jefferson County without permission because he was "desperate" after having been told by his attorney that he had violated his probation and admitted that he had neither filed monthly statements or reported to his probation officer as required under the conditions of his probation.

Contrary to appellant's last contention, the record contains an order revoking probation and a sentence. An order appears in the record reciting that same had been originally excluded from the record, and that the State and the defense agree that such order and sentence should be included in the record on appeal.

Finding no abuse of discretion, the judgment is affirmed.

Opinion approved by the Court.

ROBERTS and ODOM, JJ., concur in results and would not discuss challenge to original conviction.