**Andrew McGUIRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51795.**

Court of Criminal Appeals of Texas.

May 19, 1976.

Jerome W. Kirby, Littlefield, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

This is an appeal from an order revoking probation. Appellant was convicted of the offense of unlawful possession of a firearm by a felon under the provisions of V.T.C.A., Penal Code, Sec. 46.05, and the court assessed his punishment at ten years probated. One of the conditions of his probation was that he "[c]ommit no offense against the laws of this or any other state or the United States." State's counsel filed a motion to revoke the probation alleging that appellant violated the terms of the probation by driving an automobile on a public road in Cottle County, Texas, "under the influence of alcoholic beverages and while intoxicated."

Upon the hearing on the motion to revoke probation the State offered Paducah Police Chief Robert Molette, State Highway Patrolmen Harold Price and Thomas F. Capman as witnesses. Each testified that he observed appellant and that he was intoxicated and under the influence of intoxicating liquor on the date in issue. Only Chief Molette testified as to the appellant's operation of the vehicle upon the public streets of Paducah, the highway patrolmen having seen him only in the courthouse.

Appellant contends that the evidence was insufficient to show that he was intoxicated at the time and place charged in the motion to revoke. This contention is predicated upon an apparent error in Patrolman Price's testimony concerning the result of a breathalyzer test which he took of appellant. Upon direct examination Price, after testifying that he was a qualified operator and performed all of the required steps in the test, was asked:

"Q. What was the results that the machine measured to be the blood alcohol content of Mr. McGuire's blood?

"A.  *Point zero two five percent.*

"Q.  It is presumed that a person is intoxicated at point *point* one zero percent, is this correct?

"A.  Yes, sir, at zero point one zero.

"Q.  Is this above that figure?

"A.  Yes, sir, it is." (emphasis supplied)

It is apparent from an examination of the record that the witness erroneously stated his finding by transposing the zero and that the answer should have been "zero point two five." But, we consider the discrepancy to be immaterial. Three experienced police officers testified unequivocally that appellant was intoxicated; and, appellant testified that he began drinking about 9:30 or 10:00 the night before and continued drinking at a party until nearly noon the next day. He then took a nap for a few hours, awakening about 3:00 or 3:30 in the afternoon. Thus, he admitted to having driven his pickup truck within four or five hours after his lengthy drinking bout.

■ It is now well established that in reviewing the trial court's order revoking probation this Court is limited to the question of whether the trial court abused its discretion. See, e. g., *Desormeaux v. State,* 489 S.W.2d 900, 901 (Tex.Cr.App.1973); *Farmer v. State,* 475 S.W.2d 753, 754 (Tex.Cr.App.1972). And, as said in *Farmer,* supra:

"In a hearing of this type, the trial judge is the trier of the facts and as such can believe those witnesses it chooses to believe and disbelieve those witnesses it chooses not to believe just as a jury can when it is the trier of the facts." (citations omitted)

See also, *Strickland v. State,* 523 S.W.2d 250, 251 (Tex.Cr.App.1975).

■ After consideration of the entire record, we find no abuse of discretion on the part of the trial court and find that the State established the facts authorizing the revocation of probation by more than a preponderance of the evidence. Cf. *Scarmardo v. State,* 517 S.W.2d 293, 298 (Tex.Cr.App.1974). Ground one is overruled.

In ground two, appellant contends that his original conviction for the unlawful possession of a firearm by a felon (in violation of V.T.C.A., Penal Code, Sec. 46.05) "should be dismissed because such crime is violative of Appellant's State Constitutional rights to keep and bear arms and therefore is void." We find no merit to the contention and it is overruled for the reasons now to be stated.

■ Appellant recognizes the general rule that his failure to appeal when he was placed upon probation amounted to a waiver of his right to review the conviction. However, citing *Standley v. State,* 517 S.W.2d 538, 541 (Tex.Cr.App.1975), he argues that he can attack the original conviction because the statute under which he was convicted is unconstitutional. Although there is no merit to the contention now made, in order to preclude a separate habeas corpus attack, we will meet the issue as presently presented.

■ Appellant contends that the present statute, Sec. 46.05, is void since it is in conflict with Article I, Section 23, Constitution of Texas guaranteeing to the citizens the right to keep and bear arms in the lawful defense of himself or the State.

The prior statute, Art. 489c, V.A.P.C., has been upheld by this Court against the identical challenge. *Webb v. State,* 439 S.W.2d 342 (Tex.Cr.App.1969).[1] Appellant recognizes the holding in *Webb,* but argues that because the new statute has broadened the scope of the prohibition [by substituting "firearm" as presently defined in V.T.C.A., Penal Code, Sec. 46.01(3), for "pistol, revolver or any other firearm capable of being concealed upon the person"], this renders the decision in *Webb* inoperative. We disa-

1.  The prior statute has been upheld as against other challenges. See, e. g., *Castillo v. State,* 411 S.W.2d 741, 742 (Tex.Cr.App.1967), where the nature of the attack is not stated; *Salazar v. State,* 423 S.W.2d 297 (Tex.Cr.App.1968), where it was held that the statute was not an ex post facto law. It was upheld against an unspecified attack in *Elliott v. Beto* (5th Cir. 1969), 419 F.2d 128. But, cf. dissent in *Long v. State,* 170 Tex.Cr. 177, 339 S.W.2d 215, 219 (1960), Davidson, J.

gree. The authorities discussed in *Webb*, supra, are also applicable to the new statute and we are of the opinion that Sec. 46.05 does not contravene any of the rights guaranteed by Article I, Section 23 of the Constitution of Texas. That being the only challenge to the validity of Section 46.05 presented in this appeal, our holding in this case is to be confined to the specific question herein discussed.

The judgment of the trial court is affirmed.

Approved by the Court.