Moses Lee MILLIGAN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 53148.

Court of Criminal Appeals of Texas.

June 1, 1977.

William E. Hamilton, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Charles Martin, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for unlawful possession of a firearm by a felon, V.T.C.A., Penal Code, § 46.05, in which pun-ishment was assessed at five (5) years in the Texas Department of Corrections.

The record shows that Officers R. J. Thomas and M. L. Keller of the Houston Police Department went to the "28" Club on a tip that the appellant had narcotics hidden in the alley and was selling narcotics out of the club, which was a pool hall open to the public. Officer Thomas walked through the front door to the back door from the alley. As he "stood by the swinging door there in the dark and watched him [appellant] walk in," the officer observed a pistol in the waistband of appellant's pants. When the officer asked him if he was "holding" any narcotics, the appellant answered, "I am not holding, but I have got this pistol," which he then pulled out and set down on the bar. The appellant having a previous California conviction for robbery in 1950, this criminal proceeding was instituted.

Eight grounds of error are presented.

We shall first consider appellant's contention that the trial court erred in overruling his motion to suppress evidence as the evidence was seized by an illegal search on private business premises. In his brief appellant admits that "an officer may seize what he sees in plain sight or open view if he is lawfully where he is," citing *Lewis v. State*, 439 S.W.2d 351 (Tex.Cr.App. 1969), and *Simpson v. State*, 486 S.W.2d 807 (Tex.Cr.App.1972). See also *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Morrison v. State*, 508 S.W.2d 827 (Tex.Cr.App.1974). The record supports the State's contention that the "28" Club was open to the public, giving the officers the right to enter. *Licerio v. State*, 456 S.W.2d 96 (Tex.Cr.App.1970); *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Cr.App. 1976). The officer being in a place he was lawfully entitled to, on seeing the pistol in plain view he had the authority to seize it as evidence. *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App.1977); *Long v. State*, 532 S.W.2d 591 (Tex.Cr.App.1975).

Appellant also urges that V.T.C.A., Penal Code, § 46.05, is void since it is in

conflict with Article I, § 23 of the Texas Constitution guaranteeing a citizen "the right to keep and bear arms in the lawful defense of himself or the State". The predecessor to this statute, Article 489c, Vernon's Ann.P.C., was held valid against an identical challenge. *Webb v. State*, 439 S.W.2d 342 (Tex.Cr.App.1969). In *McGuire v. State*, 537 S.W.2d 26 (Tex.Cr.App.1976), this court upheld the reasoning of *Webb* in holding the present statute constitutional. We find no reason to depart from this holding.

■ Appellant next argues that § 46.05 denies equal protection of the laws as guaranteed in Article I, § 3 of the Texas Constitution and the 14th Amendment of the federal Constitution as it applied only to persons convicted of a felony involving an act of violence or threatened violence to a person or property and not to all persons convicted of felonies. Article I, § 3 of the Constitution of Texas and the 14th Amendment to the Constitution of the United States secure to all persons similarly circumstanced equal protection under the laws of this State. As these provisions have been construed by the highest courts of this State as well as by the Supreme Court of the United States, in the absence of a suspect classification, a state law is not repugnant to either constitutional provision so long as unequal treatment of persons is based upon a reasonable and substantial classification of persons. Unequal treatment of persons under a state law which is founded upon unreasonable and unsubstantial classification constitutes discriminating state action and violates both the state and federal Constitutions. See *Rucker v. State*, 170 Tex.Cr.R. 487, 342 S.W.2d 325 (1961), and cases cited therein; *Ex parte Matthews*, 488 S.W.2d 434 (Tex.Cr.App. 1973).

■ We have no difficulty in perceiving a rational basis for the application of the statute to persons convicted of felonies involving an act of violence or threatened violence and not to all felons in general. By their conviction, this class of felons has demonstrated their propensity toward dangerous acts, not found in felons who have not committed such acts of violence or threatened violence. The apparent purpose of the statute is to protect the general public by depriving these persons of firearms away from their premises. Felons who have not committed crimes involving acts of violence or threatened violence are considered less likely to resort to violent actions and thus are not included in the statute. Cf. *Buchanan v. State*, 480 S.W.2d 207 (Tex.Cr.App.1972).

■ Appellant further argues that the prior felony involving an act of violence alleged as a basis for this prosecution, having occurred in 1950, was too remote in time. However, we construe this statute to be similar to the enhancement statute, V.T. C.A., Penal Code, § 12.42(d). In *Hicks v. State*, 545 S.W.2d 805 (Tex.Cr.App.1977), this court held that, unlike the rule that a prior conviction too remote in time cannot be used for impeachment purposes, a prior conviction may be utilized for enhancement no matter how remote. Similarly, a prior conviction may be utilized under V.T.C.A., Penal Code, § 46.05, no matter how remote.

During the direct examination of Officer Thomas, he identified the pistol and a "clip of the pistol" taken from the appellant at the time of his arrest. The record then reflects the prosecutor asked:

"Q. And I will hand you what has been marked as State's Exhibit No. 4, and ask you if you can identify that?

"A. Yes, sir, it's the pocketknife Mr. Milligan had.

"MR. SPILLER (Appellant's counsel): If it please the Court, again we would object to the nonresponsive answer to the question and ask the witness be instructed to properly respond to the question asked him.

"THE COURT: All right. Listen to the question, Officer, and answer the question that is asked. Don't add any more to it.

"MR. SPILLER: Judge, at this time we would move for a mistrial.

"THE COURT: Be overruled.

"Q. Okay, Officer, now you say that you recovered State's Exhibits No. 1, 2, 3 and 4 from Moses Milligan? Is that correct?
"A. Yes, sir."

██ While it would have been better for the witness to have simply answered the question in the affirmative and waited for the next question, it appears the pocket-knife was handed to the witness in the presence of the jury. The knife was later introduced into evidence without objection. The partially unresponsive answer having come into evidence without objection, any possible error is waived. *Alvarez v. State*, 511 S.W.2d 493 (Tex.Cr.App.1974). Clearly the knife having been found on appellant's person at the time of arrest was admissible as res gestae of the arrest and the offense. *Downey v. State*, 505 S.W.2d 907 (Tex.Cr. App.1974). See also *Nichols v. State*, 511 S.W.2d 269 (Tex.Cr.App.1974); *Alba v. State*, 492 S.W.2d 555 (Tex.Cr.App.1973); *Franklin v. State*, 494 S.W.2d 825 (Tex.Cr. App.1973); *Tyra v. State*, 496 S.W.2d 75 (Tex.Cr.App.1973). While the complained of answer was partially unresponsive, there was no error in refusing the mistrial motion under the circumstances presented. Appellant's reliance on cases dealing with propounding improper questions and whether withdrawal can cure the error is clearly misplaced.

Appellant's next ground of error attacks the admission of "irrelevant and immaterial" evidence. On cross-examination of Officer Thomas, defense counsel brought out that the appellant had been arrested by him approximately five or six times, mainly in and around the "28" Club. Then on redirect, the assistant district attorney asked Thomas the nature of these arrests, to which he replied, "We found large sums of narcotics behind and in the club." The objection now urged was then made.

██ The extraneous offenses having been introduced by the appellant, the State was entitled to establish the circumstances and facts surrounding such offenses. *Hartman v. State*, 507 S.W.2d 553 (Tex.Cr.App. 1974); *Hernandez v. State*, 506 S.W.2d 884 (Tex.Cr.App.1974). In addition, the officer had already testified without objection to previous arrests including a case in which appellant pled guilty to the offense of possessing a controlled substance. No error is shown.

██ Appellant further urges the court erred in permitting a State's witness to identify a fingerprint card as containing appellant's fingerprints when the card was never introduced into evidence. The witness had taken the fingerprints and they were used to demonstrate they matched the fingerprints contained in the California pen packet. While it would have been better to introduce the fingerprint card, we find the omission harmless in view of the expert witness' undisputed testimony that the card contained appellant's fingerprints.

██ Appellant also urges that the California judgment and other parts of the pen packet were copies and thus did not comply with the "Best Evidence Rule." While objections were made at trial to the certifications involved, the ground of error now urged was not made at trial. Grounds of error on appeal must comport with objections by counsel at trial. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974); *Campbell v. State*, 492 S.W.2d 956 (Tex.Cr.App. 1973); *Gondek v. State*, 491 S.W.2d 676 (Tex.Cr.App.1973). Nothing is presented for review.

Appellant contends in another ground of error that a defense witness was impeached by the use of a conviction that was too remote. On cross-examination by the State, the witness admitted that he had been convicted on May 29, 1964 of shoplifting and given 45 days in the county jail. It is this conviction to which the appellant objected. The State admits that the date of discharge of sentence was about 10 years and 10 months prior to the time of trial. The State also showed that the witness had been convicted on April 18, 1969 of shoplifting, with a sentence of 60 days in the county jail and a $500 fine, and of felony theft on January 6, 1965, with punishment of three years' confinement in the state penitentiary.

In *McClendon v. State*, 509 S.W.2d 851 (Tex.Cr.App.1974), this court said:

"In most instances where a prior felony conviction has been used for impeachment, it has been held remote if the time of one's discharge from such conviction is more than ten years. See 62 Tex.Jur.2d, Witnesses, Section 340, page 381; *Penix v. State*, Tex.Cr.App., 488 S.W.2d 86; *Livingston v. State*, Tex.Cr.App., 421 S.W.2d 108; *Haney v. State*, 152 Tex. Cr.R. 63, 211 S.W.2d 215. However, the often referred to ten-year rule of thumb is not always followed. Each case must rest upon its own circumstances. See *Dillard v. State*, 153 Tex.Cr.R. 134, 218 S.W.2d 476.

"If more than ten years have elapsed since the discharge date of a prior conviction and if the witness has not reformed, proof of such prior conviction may be shown for impeachment purposes."

It is observed that a misdemeanor conviction for theft involves moral turpitude and can be used for impeachment. *Poore v. State*, 524 S.W.2d 294 (Tex.Cr.App. 1975); *Avilla v. State*, 493 S.W.2d 233 (Tex. Cr.App.1973). In introducing the two intervening convictions of the witness, at intervals of six and 10 years prior to trial, the State demonstrated the inability of the witness to reform. The conviction in question, occurring eight months before the 1965 shoplifting conviction, was properly admitted for impeachment purposes.

Appellant's final ground of error objects to the definition found in the court's charge of a firearm as it is "contrary to the definition of 'firearm,' as used in Black's Law Dictionary, Fourth Edition, page 761." The definition given in the charge follows that found in V.T.C.A., Penal Code, § 46.01(3). This court has held that an indictment tracking the statutory language describing an offense is sufficient. *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr. App.1975); *White v. State*, 505 S.W.2d 258 (Tex.Cr.App.1974); *Ames v. State*, 499 S.W.2d 110 (Tex.Cr.App.1973). Similarly a definition in a charge tracking the statutory definition given to a specific term is sufficient. Cf. *Glover v. State*, 532 S.W.2d 346 (Tex.Cr.App.1976). As was said in *Simon v. State*, 522 S.W.2d 929 (Tex.Cr.App. 1975), the "Legislature has not delegated the determination of the meaning of its enactments to the publishers of dictionaries."

The judgment of the trial court is affirmed.