Angel L. MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00309–CR.

Court of Appeals of Texas, San Antonio.

May 18, 1983.

Discretionary Review Refused Nov. 16, 1983.

Peggy Butler, David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Bill Harris, Steven C. Hilbig, James L. Bruner, Asst. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for attempted capital murder. Appellant was found guilty by a jury and his punishment assessed at twelve (12) years' confinement in the Texas Department of Corrections.

The essential facts in the record indicate that Police Officer Walker was pursuing a vehicle as a result of a reported robbery. The officer stopped the vehicle at 115 Saratoga Street, but was shot before he stepped out of the police vehicle. The wounded officer gave police an accurate description of the suspect's vehicle and as a result thereof the appellant was identified and apprehended. The co-defendant Valentine Fernandez testified for the State and identified appellant as the person who shot the police officer.

The first ground of error concerns Officer Fleming's testimony as to communications made by appellant's wife alleged to be in violation of the husband-wife privilege. The specific complaint is that Officer Fleming was allowed to testify, over appellant's objection, that appellant's wife directed the officer (by pointing) to the .357 magnum pistol allegedly used to shoot the victim, and that the gesture was testimonial in nature. In *Grundstrom v. State*, 456 S.W.2d 92 (Tex.Cr.App.1970) the Court of Criminal Appeals addressed a similar question wherein the wife handed certain tangible evidence (burned clothing) to the officer, which was offered and admitted into evidence. Appellant therein contended that this was tantamount to a wife testifying against her husband, nevertheless, the Court held:

> The above does not amount to testimony of a communication between husband and wife as denounced by Article 38.11, Vernon's Ann.C.C.P. The husband-wife privilege concerning testimony of communications applies to utterances and not acts.

*Id.* at 93. Thus, in accordance with the *Grundstrom v. State, supra,* ruling, the gesture of the wife in directing the officer to the location of the pistol did not constitute a violation of the husband-wife privilege. Ground of error number one is overruled.

Ground of error two concerns alleged error in omitting a necessary element of the offense from the charge, despite appellant's timely objection and requested charge. The specific complaint is that the charge omitted the following essential element under

Tex.Penal Code Ann. § 15.01(a) (Vernon Supp.1982–1983): "[A]n act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended [capital murder]." This element of the offense was omitted from the application of the law to the facts paragraph of the court's charge and appellant timely objected and made a proper requested charge on this question. This delicate question requires close scrutiny in view of *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), *Robinson v. State,* 596 S.W.2d 130 (Tex.Cr. App.1980), and *Doyle v. State,* 631 S.W.2d 732 (Tex.Cr.App.1982), which addressed specific questions on omission of essential elements of an offense from the application of the law to the facts paragraph of the charge. The *Robinson* case, *supra,* states that it is appropriate to view the charge as a whole in order to determine whether there is fundamental error, while the *Doyle* case, *supra,* declares that when an entire element of the offense is omitted the general rule of reviewing the whole charge is inapplicable.

■ The court's charge defined criminal attempt as follows:

A person commits the offense of criminal attempt if, acting with the specific intent to commit some offense, he does an act amounting to more than mere preparation toward the conclusion of such offense that tends but fails to effect the commission of the offense intended.

The part of the charge questioned herein is as follows:

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Angel L. Martinez, did in Bexar County, Texas, on or about June 27, 1980, with specific intent to kill, intentionally or knowingly attempt to cause the death of an individual, to-wit: Willie Walker, by shooting Willie Walker with a gun, and that the said Willie Walker was then and there a peace officer who was in the lawful discharge of an official duty and who the defendant knew was a peace officer, you will find the defendant guilty of attempted capital murder.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

The record reflects that the trial court properly defined criminal attempt and instructed the jury on the required findings of an intentional and knowing attempt to cause the death of an individual. It is well established that the omission of the phrase "amounting to more than mere preparation that tends but fails to effect the commission of the offense intended" does not render an indictment alleging an attempted offense fundamentally defective. *See Cody v. State,* 605 S.W.2d 271, 274 (Tex.Cr.App. 1980). More recently, in *Robinson v. State,* 630 S.W.2d 394 (Tex.App.—San Antonio 1982, pet. ref'd), appellant therein complained that the charge which applied the law to the facts failed to require the jury to find that the act alleged in the indictment was an act which amounted to more than mere preparation. This Court held that the charge viewed as a whole correctly required a finding of an attempt as alleged in the indictment. *Id.* at 399. In the instant case, we have reviewed the charge as a whole, and although an essential element of the offense is omitted from the application of the law to the facts paragraph, we cannot conclude that the omitted element of the charge as a whole denied appellant a fair and impartial trial. *See* Tex.Code Crim. Proc.Ann. art. 36.19 (Vernon 1981). Ground of error number two is overruled.

■ In ground of error number three, appellant asserts fundamental error in the omission of an essential element of the offense from the charge. Specifically, appellant contends that the application of the law to the facts paragraph of the charge only requires "a specific intent to kill" and we are asked to guess as to what the omission is. Tex.Penal Code Ann. § 19.03 (Vernon 1974) (Capital Murder), provides in part:

(a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

(1) the person murders a peace officer or fireman who is acting in the lawful

discharge of an official duty and who the person knows is a peace officer or fireman. . . .

In the case at bar, the charge requires the jury to find a specific intent to kill by intentionally or knowingly attempting to cause the death of a peace officer who was in the lawful discharge of an official duty and who the appellant knew was a peace officer. "The charge should be viewed as a whole, and review should not be limited to parts of the charge standing alone." *Jackson v. State,* 591 S.W.2d 820, 825 (Tex.Cr. App.1979). *See Robinson v. State,* 596 S.W.2d at 133. Having reviewed the charge as a whole, we fail to find reversible error. *See* Tex.Code Crim.Proc.Ann. art. 36.19, *supra.* Ground of error number three is overruled.

Ground of error number four concerns a conversation between a juror and a key State's witness. The trial court conducted a hearing, on appellant's motion for a mistrial alleging juror misconduct, and after hearing the testimony of Dr. Carlton Eddy, the juror in question, denied the motion. Pertinent part of the testimony of the juror is as follows:

Q: Can you tell me the nature of that conversation [with the witness, Officer Stengel]?

A: Yes. Since I deal with science on a daily basis I was fascinated by some of the techniques he was using. Particularly scanning electronic microscopy because just as he tries to identify bullets and certain items he described during the case, . . . I personally use scanning microscopy for biological reasons. And I just wanted to discuss his possible use of that technique as I could gain more insight into it's [sic] use.

*And so I approached him and asked if he was willing to talk to me about something unrelated to the case,* as far as some of the techniques he uses, some of the analytical techniques.

\*   \*   \*   \*   \*   \*

Q: Would anything in your conversation with him influence your verdict in this

case and that would also include your passing on his credibility as a witness?

A: No. Not at all.

[Emphasis added.]

The rule against jurors conversing with unauthorized persons about a case is so strong that injury to the accused is presumed; however, this presumption is rebuttable. Before a new trial will be warranted there must be injury to the accused. Thus, if it is shown that the case was not discussed, or that nothing prejudicial to the accused was said, then the verdict will be upheld. *See McMahon v. State,* 582 S.W.2d 786, 793 (Tex.Cr.App.1978), *cert. denied,* 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 175 (1979). In *Romo v. State,* 631 S.W.2d 504 (Tex.Cr. App.1982), an impaneled juror met two police officers in the elevator, who stated "They're all guilty." The juror testified at the hearing that the statement of the officers did not affect her ability to decide the case based only on the evidence presented at the trial. The court stated: "It is the burden of the defendant . . . to establish that if a conversation did occur between a nonsequestered juror and someone else, that the discussion involved matters concerning the specific case at trial." *Id.* at 506. In the instant case appellant was unable to establish through cross-examination of the juror that matters involving the specific case were discussed. We find that appellant was not prejudiced by the conversation in question. Ground of error number four is overruled.

Ground of error number five specifically sets out that the trial court deprived appellant of due process of law by ordering his sentence in the present case to begin only when the judgment and sentence in cause number 80–CR–1992–B shall have ceased to operate, as follows:

A. Appellant was not given written notice of the state's motion to stack sentence or of the court's intention to consider cumulating this sentence with that in cause number 81–CR–0764 [sic].

B. Appellant was not given prior notice of the evidence on which the court would base its cumulation order.

C. Appellant was not given the opportunity to be heard and to present evidence on the issue of cumulation.

D. Appellant was not given the opportunity to confront and cross-examine the witnesses against him on the issue of cumulation.

E. Appellant was not provided with a written statement of reasons supporting the court's order of cumulation.

F. The cumulation order penalized appellant's exercise of his right to file a motion for new trial without providing objective information concerning identifiable conduct on which the cumulation order was based.

Appellant contends the court's action in granting the State's motion violated his right to due process of law under the Fourteenth Amendment to the United States Constitution, but recognizes that such a contention has previously been rejected by the Texas Court of Criminal Appeals.

▇▇▇ Tex.Code Crim.Proc.Ann. art. 42.08 (Vernon 1979) (Cumulative or Concurrent Sentence), provides as follows:

Where the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, *except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate,* or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. [Emphasis ours.]

In *Hammond v. State,* 465 S.W.2d 748, 752 (Tex.Cr.App.1971), the Court of Criminal Appeals held that article 42.08, *supra,* does not deprive an appellant of his constitutional right of due process, and that said article is constitutional. Later, in *Johnson v. State,* 492 S.W.2d 505, 506 (Tex.Cr.App. 1973), the Court reiterated the *Hammond* ruling, saying "[W]e reject the claim that the statute could be constitutional only if certain standards are set forth to guide the court in the exercise of its discretion." There is no "right" to a concurrent sentence; whether punishment will run concurrently or cumulatively is within the discretion of the trial judge. *See Carney v. State,* 573 S.W.2d 24, 27 (Tex.Cr.App.1978). Appellant does not argue, nor does the record reflect, an abuse of discretion by the trial judge. Hence, in view of the rulings in *Hammond, Johnson,* and *Carney, supra,* we conclude that appellant was not denied due process of law. The trial court properly exercised its discretion under article 42.-08, *supra,* to cumulate the sentences. Ground of error number five is overruled.

The judgment of the trial court is affirmed.