NO. 07-01-0401-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 17, 2002



______________________________




GABRIEL G. TORRES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-430813; HONORABLE CECIL PURYEAR, JUDGE



_______________________________




Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 After the trial court denied appellant's motion to suppress evidence and motion on
voluntariness of statement or admission, appellant pled guilty to the offense of felon in
possession of a firearm and pursuant to a plea bargain, punishment was assessed at six
years confinement. Presenting two issues, appellant contends the trial court erred in 1)
overruling his motion to suppress evidence found as the result of an illegal search and 2)
overruling his motion to suppress statement made as the result of custodial interrogation
when appellant was not Mirandized. Based upon the rationale expressed herein, we
affirm.

 Upon hearing appellant's pretrial motions to suppress evidence and appellant's
statements, the testimony of DPS Trooper Wesley established that appellant was stopped
for a speeding violation at 10:00 p.m. on October 27, 1997, while he was driving a pickup
truck and towing a homemade trailer loaded with a variety of items, i.e. furniture, large
cooler, and air conditioner. Upon approaching the truck, Trooper Wesley recognized
appellant from prior traffic stops. While he remained in his vehicle, appellant showed his
driver's license and as he was reaching to locate his insurance papers, he turned his back
to Trooper Wesley, blocking the trooper's view of his hands. However, while appellant was
in that position, Trooper Wesley saw a purple bag which appeared to contain a hard object
partially protruding out of appellant's coat pocket. Trooper Wesley testified that because
it appeared like the "handle of a gun" in a purple bag, he asked what it was and removed
the bag from appellant's coat pocket. Upon examining the contents of the bag, instead of
finding a handgun, the trooper found a roll of money wrapped in a rubber band. According
to Trooper Wesley, appellant became extremely nervous when he examined the bag.

 In response to Trooper Wesley's question about the cash in the bag, appellant told
the trooper that it was the proceeds of his sale of a car to a man in Abilene, but he could
not remember the man's last name. Also, during the conversation, appellant told Trooper
Wesley that he had been to Abilene, but on another instance, appellant stated that he had
been to his father's house in Lubbock. Appellant was "fidgety and nervous" when Trooper
Wesley inquired as to what was in the cooler next to him in the cab. When appellant did
not respond but "just froze and stared at me," feeling that he needed to check for possible
weapons, Trooper Wesley asked appellant to get out of the pickup. Finding no weapons
from a pat down, Trooper Wesley commenced a search of the passenger's side of the
pickup and found two handguns in the cooler. While appellant was in the patrol car,
Trooper Wesley learned he was a convicted felon and arrested him for being in
possession of a firearm.

 By his first issue, appellant contends the trial court erred in overruling his motion
to suppress evidence (2) found as the result of an illegal search. By his motion, he
contended that one automatic pistol and one .44 Magnum revolver were illegally seized. 
We disagree.

 

 Citing Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997) (en banc), appellant
suggests that because Trooper Wesley was the only witness at the hearing and no
questions of credibility, demeanor, or evaluation of his testimony are presented, that we
review the mixed questions of law and fact de novo. However, because Trooper Wesley
was cross-examined by appellant's counsel during the suppression hearing, the trial court
was the sole judge of his credibility. Therefore, the trial court had the discretion to grant
or deny the motion to suppress. State v. Ross, 32 S.W.3d 853, 855 (Tex.Cr.App. 2000)
(en banc). Because the trial court did not file any findings of fact regarding the legality of
the search and subsequent recovery of the weapons, we must review the evidence in the
light most favorable to the trial court's ruling and assume the trial court made "implicit
findings of fact that support its ruling as long as those findings are supported by the
record," and we will sustain the decision of the trial court if it is correct on any theory of
law. Id.

 First, we note that appellant does not contend that the initial stop by Trooper
Wesley was unlawful. In the course of a lawful detention, an officer may conduct a limited
search for weapons where it is reasonably warranted for his safety. State v. West, 20
S.W.3d 867, 873 (Tex.App.-Dallas 2000, pet. ref'd). In determining whether an officer is
justified in conducting a limited search for weapons, "[t]he issue is whether a reasonably
prudent person would justifiably believe that his safety or that of others was in danger,"
O'Hara v. State, 27 S.W.3d 548, 551 (Tex.Cr.App. 2000), and a reasonable belief that the
person may be armed and dangerous is sufficient. Worthey v. State, 805 S.W.2d 435, 439
(Tex.Cr.App. 1991) (en banc).

 The testimony of Trooper Wesley is sufficient to support a trial court finding that he
was reasonable in his conclusion appellant could be armed and dangerous. In addition
to testifying that he thought he saw the handle of a pistol protruding from appellant's coat
pocket, Trooper Wesley also testified: 1) he had previously stopped appellant but on this
occasion, appellant demonstrated uncommon nervousness; 2) when asked for his
insurance papers, appellant made furtive movements; 3) appellant had a large amount of
cash on his person leading to suspicion drugs might be involved; 4) appellant gave
inconsistent statements about his travels or route of his trip; 5) appellant avoided eye
contact; and 6) appellant was unresponsive and in apparent fear when questioned about 
the cooler contents where the weapons were subsequently found. Viewing the evidence
in the light most favorable to the trial court's ruling, we conclude the trial court did not
abuse its discretion in denying appellant's motion to suppress. Appellant's first issue is
overruled.

 By his second issue, appellant contends the trial court erred in overruling his motion
to suppress his statement made as the result of custodial interrogation when he was not
Mirandized. Appellant contends that his statement in response to Trooper Wesley's
question that he purchased the weapons in Abilene should have been suppressed. We
disagree.

 After appellant's conviction, the trial court made and filed 39 findings of fact and
conclusions of law. (3) As material here, the trial court found

 17. Trooper Wesley asked the Defendant what was in the cooler.


 18. The Defendant became even more nervous when Trooper Wesley asked him this
question; the Defendant began to fidget even more in his seat and had a "wide-eyed"
expression on his face.


* * *



 21. Trooper Wesley found a Glock 9 mm semi-automatic pistol and a .44 caliber pistol in
the cooler.


 22. Trooper began to investigate whether the Defendant was legally in possession of the
two firearms.


 23. Trooper Wesley asked the Defendant to whom the pistols belonged.


 24. At this point in time, Trooper Wesley had not advised the Defendant of his Miranda
warnings.


 25. The Defendant told Trooper Wesley that the firearms belonged to him, and that he had
purchased the firearms in Abilene, Texas that day for $25.00.


 26. At this point in time, Trooper Wesley still did not know whether the Defendant legally
possessed the firearms.


 27. Trooper Wesley asked the Defendant to step back to his patrol car while he ran the firearms.


 28. At this point, the Defendant had not been placed under arrest.


 29. Trooper Wesley learned that the firearms were not stolen, and also learned that the
Defendant was a convicted felon.


 30. At this point in time, Trooper Wesley placed the Defendant under arrest for Felon in
Possession of a Firearm.

 

 31. During the time period from when Trooper Wesley started his investigation into the
Defendant's possession of the firearms up to and including the moment Trooper Wesley
placed the Defendant under arrest, the Defendant was not free to leave.


* * *



 33. The Defendant was not in custody when he admitted to Trooper Wesley that the
firearms belonged to him. 


 34. Defendant was not threatened or coerced into giving the oral statement.


 35. Defendant was not deprived of any basic necessities nor mistreated during the traffic
stop and subsequent investigation into his possession of the firearms.


 36. Defendant was not promised anything in exchange for his oral statement.


* * *



 39. Defendant's oral statement was knowingly, freely and voluntarily made, and was not the
product of a custodial interrogation.

 


After the fact findings, the trial court made conclusions of law, which provided in part:

 However, under the totality of the circumstances, Defendant was not in
custody at the time he made his oral statement. Instead, at the time of his
statement Trooper Wesley was engaged in an investigative detention of
Defendant in order to determine whether Defendant was legally in
possession of the two firearms that Trooper Wesley had seized moments
before, and as such, Trooper Wesley was not required to warn Defendant
under Miranda. 


 Appellant does not expressly identify the statement which he contends should have
been suppressed. However, from the context of the argument it appears appellant's
complaint is focused on his statement to Trooper Wesley that he owned the firearms and
had purchased them that day in Abilene.

 As material here, the terms "ownership" and "possession" are not synonymous. (4)
Appellant was charged and convicted of being a felon in possession of firearms. Although
section 46.04 of the Texas Penal Code makes possession of a firearm by a felon unlawful,
the statute does not make the ownership of a firearm a crime. The obvious intent of the
statute proscribing possession of firearms by convicted felons is to keep violent offenders
from going about with firearms. Sheppard v. State, 586 S.W.2d 500 (Tex.Cr.App.1979). 
Because they have demonstrated a propensity toward violence, the State has a rational
basis on which to restrict their possession of firearms in order to protect the general public. 
Milligan v. State, 554 S.W.2d 192 (Tex.Cr.App.1977). Appellant did not plead guilty to
unlawful ownership of the weapons but, instead, the unlawful possession of the guns. 
Appellant's possession of the firearms had already been implicated by the investigation
before he acknowledged ownership of the weapons.

 Moreover, in reviewing the denial of a motion to suppress, we give almost total
deference to the trial court's express determination of historical facts and are not free to
disturb any finding made by the trial court if it is supported by the record. State v. Crisp,
74 S.W.3d 474, 477 (Tex.App.-Waco 2002, no pet.). Because a traffic stop does not
constitute custody for purposes of Miranda, State v. Stevenson, 958 S.W.2d 824, 828
(Tex.Cr.App. 1997) (en banc), the roadside stop did not escalate into a custodial situation
until Trooper Wesley received information that appellant was a convicted felon, and the
record supports the trial court finding that appellant was not in custody when he told
Trooper Wesley the firearms belonged to him. Also, because the statement was
knowingly, freely, and voluntarily made and not the product of a custodial interrogation, we
conclude the trial court did not err in overruling his motion. Appellant's second issue is
overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Although it appears that a written motion to suppress was submitted, neither the
clerk's record nor the reporter's record contain a copy of appellant's motion to suppress. 
However, because the reporter's record does contain the testimony and argument by
counsel, and the record contains a signed order denying the motion, we will consider the
motion properly presented as to the two weapons. 
3. The findings of fact and conclusions of law entered by the trial court only applied
to appellant's motion to suppress his oral statement.
4. See Tex. Pen. Code Ann. §1.07 (35) and (39) (Vernon Supp. 2002).



se" Name="Light List Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-10-0466-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                                  MAY
27, 2011

                                            ______________________________

 

ROBERT SMITH,

 

                                                                                                                        Appellant

                                                                             v.

 

                                          CITY OF LUBBOCK and ST. PAUL FIRE

and
MARINE INSURANCE COMPANY,

 

                                                                                                                        Appellees

                                           _______________________________

 

                     FROM THE 237TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

                     NO. 2008-542,012-A; HON.
WILLIAM C. SOWDER, PRESIDING

                                           _______________________________

 

 On Motion to Dismiss

_______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 

            Pending before the court is the motion of St. Paul Fire
and Marine to dismiss this appeal for want of jurisdiction.  We held that motion in abeyance pending the
entry of a final, appealable order.  Such
order was signed by the trial court on May 11, 2011, and received by us on the
same date.  Consequently, we now consider
the pending motion.  

            St.
Paul sought dismissal because Smith allegedly filed an untimely notice of appeal.  As explained in our April 15, 2011 order of
abatement and remand, no final, appealable order had yet to be signed despite
Smith having noticed his appeal.  That
defect was cured on May 11, 2011, when the trial court signed its Amended
Final Judgment.  The latter, unlike the
trial courts prior orders, expressed the specific settlement of rights between
the parties and disclosed the specific and final result officially condoned by,
and recognized under, the law.   Given
this, the cause actually became appealable on May 11, 2011.  More importantly, Texas Rule of Appellate Procedure
27.1(a) mandates that we deem prematurely filed notices of appeal as filed on the day of but after the event that begins the
period for perfecting an appeal (that is, May 11, 2011, here).  Consequently, Smiths notice was timely.  

            The
motion to dismiss is denied.

 

                                                                                    Per Curiam