Richard W. GREEN, Appellant,

v.

STATE of Texas, Appellee.

No. 04–92–00705–CR.

Court of Appeals of Texas,
San Antonio.

March 14, 1994.

Rehearing Denied April 27, 1994.

Keith Hampton, Austin, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and GARCIA and RICKHOFF, JJ.

## OPINION

GARCIA, Justice.

Appellant, Richard Green, was found guilty of kidnapping a child, Austin Green. Appellant claimed that he believed the child to be his child and that he had a right to the custody of the child. The court assessed a punishment of ten years confinement and denied probation. A motion for new trial was denied without a hearing. We affirm the judgment of the trial court.

## FACTS

In 1985, appellant was married to Brenda Green, the mother of complainant, Austin Green. The parties were divorced on May 1, 1987. After the divorce and near the time of conception of Austin Green, Brenda testified she had a sexual relationship with appellant. She claims the sexual relationship took place between August 21 and August 24, 1987, and she places conception at or near the first Monday in September 1987. At some point after that, appellant and Brenda moved back to San Antonio where she and appellant resided in the home of Brenda's mother. Austin Green was born on June 4, 1988. They lived at the home of Brenda's mother for about two months and they then began a series of moves until the end of 1989 when appellant and Brenda separated.

On August 3, 1989, Brenda signed an application for life insurance on Austin and listed appellant as Austin's father. On March 1, 1990, Austin's mother signed an agreement granting appellant temporary, joint custodial rights to Austin Green. In addition, Brenda named appellant as Austin's father on Austin's baptismal record made April 7, 1990. Also of record, is a note written by appellant prior to the birth of the child. Appellant states in the note that he is uncertain whether the child is his biological child.

On August 18, 1990, appellant picked up Austin from her grandmother's home in San Antonio. Appellant was indicted for kidnapping one month later, and he eventually took Austin to Guatemala. It was more than a year after the indictment for kidnapping when agents with the Federal Bureau of Investigation retrieved Austin and arrested appellant in Guatemala. Upon a jury verdict of guilty, the court assessed a punishment of ten years in prison. After probation was denied and a motion for new trial was denied without a hearing, appellant appealed.

On appeal appellant raises six points of error. In his first point of error, appellant contends the trial court erred in refusing to instruct the jury on the affirmative defense raised by the evidence. In his second and third points of error, appellant argues the court erred by commenting on the evidence in its charge on mistake of fact, and it erred in refusing appellant's requested charge on mistake of fact. Appellant contends in his fourth point of error that the trial court erred in refusing appellant's requested charge on presumption of paternity. In his fifth point of error, appellant states the trial court erred by commenting on the evidence in its definition of the word "restrain" in the charge. Finally, in his sixth point of error, appellant asserts the trial court erred in denying appellant's motion to suppress evidence.

## AFFIRMATIVE DEFENSE

We address appellant's first point of error. Claiming the trial court erred in refusing to

instruct the jury on the affirmative defense raised by the evidence, appellant contends the trial court committed reversible error. Specifically, the affirmative defense to kidnapping, set forth in the Texas Penal Code reads as follows:

(b) It is an affirmative defense to prosecution under this section that:

(1) the abduction was not coupled with intent to use or to threaten to use deadly force;

(2) the actor was a relative of the person abducted;  and

(3) **the actor's sole intent was to assume lawful control of the victim.**

TEX.PENAL CODE ANN. § 20.03(b) (Vernon 1989). The record, appellant argues, does not contain evidence which supports all three prongs of the affirmative defense. TEX.PENAL CODE ANN. 2.04(c) (Vernon 1989). Thus, appellant contends he is entitled to an affirmative defense instruction on each issue raised by the evidence before the jury. *Booth v. State,* 679 S.W.2d 498 (Tex.Crim. App.1984).

We note first that the evidence must support an affirmative defense before such an instruction is given to the jury. While the evidence may well support an affirmative defense, it is also incumbent upon a defendant at trial to raise the defense. *Hawkins v. State,* 660 S.W.2d 65, 77 (Tex.Crim.App. 1983) (court's charge failed to instruct jury on affirmative defense of insanity). In the present case, evidence was not presented that addressed all three required prongs of the affirmative defense. That is, there was not evidence presented which met the requirement of the third prong; "the actor's sole intent was to assume lawful control of the victim." TEX.PENAL CODE ANN. § 20.-03(b).

Moreover, when an appellant does not request an affirmative defense in the charge at trial and he does not object to the failure of the charge to include the instruction, no error is shown. TEX.CODE CRIM.PROC.ANN. arts. 36.14, 36.15 (Vernon 1993); *Hawkins,* 660 S.W.2d at 77. To allow a reversal on appeal for failure of the court to submit an affirmative defense instruction when the error was not preserved at trial, in effect, gives appellant "two bites at the apple." That is, appellant can attempt to gain an acquittal without the request of an affirmative defense instruction, and if that fails, he can still be assured a reversal on appeal. That seemingly artful construction of the law is clearly erroneous.

Even if the trial judge on his volition had decided to provide the jury an instruction for an affirmative defense, it would be necessary that evidence was provided in support of all three prongs of the affirmative defense. The third prong of an affirmative defense requires "the actor's **sole intent** was to assume lawful control of the victim." TEX.PENAL CODE ANN. § 20.03(b). As previously noted, there was no evidence presented which indicated that the appellant's "**sole intent** was to assume lawful control of the victim." Although appellant did present a written agreement for temporary joint custody, that agreement did not lend support to the third prong of the affirmative defense. The note reads,

This is a written agreement between Richard Green & Brenda Green. In regards to Austin Green—which is that Richard Green will have tempory [sic] custody of Austin Green—and also to include— joint custodoy [sic] of Austin Green. During this time Richard Green agrees to help in the support of Austin Green by paying for her day care which is $30.00 per week. This agreement will discontinue—upon which time both Brenda & Richard Green are no longer wanting to be part of this agreement.

BDGreen

While the note provides evidence that there had been an agreement for temporary custody, in light of the circumstances, it does not provide evidence that appellant's sole intent was to assume lawful control of the child. Because appellant took Austin Green not only out of the state, but out of the country, and kept Austin away from her mother for over a year, it cannot be said that the appellant's sole intent was to assume lawful control of Austin Green. Appellant did not present evidence which would support the required third prong of the affirmative defense.

The trial judge was correct in not providing a jury instruction for an affirmative defense because evidence supporting all three required prongs of the affirmative defense had not been submitted. Moreover, appellant never even requested an instruction for the affirmative defense. While there may be grounds for ineffective assistance of counsel for such a failure to preserve error, that issue is not before us now.[1] Clearly, it is not error to forego an affirmative defense instruction when it has not been requested and evidence was not presented to support all the prongs of an affirmative defense. *Booth,* 679 S.W.2d at 498; *Hawkins,* 660 S.W.2d at 77. We overrule appellant's first point of error.

### MISTAKE OF FACT

In his second and third points of error, appellant urges that the trial court erred in commenting on the evidence in its charge on mistake of fact and that it erred in refusing appellant's requested charge of mistake of fact. Appellant contends that the charge of the jury addressing the issue of mistake of fact as to whether appellant believed Austin to be his biological child was a comment on the evidence. The charge reads as follows:

If you believe from the evidence beyond a reasonable doubt that the defendant committed the acts alleged, but you further believe, or you have a reasonable doubt thereof, that, at the time of the alleged acts, he had through mistake formed a reasonable belief about a matter of fact, to-wit: the child, Austin Green, was his biological child, and that said mistaken belief negated the culpability required for the commission of the offense, as stated in Paragraph IV of this charge, you will find the defendant not guilty.

But, if you believe beyond a reasonable doubt that the defendant had not through mistake formed a reasonable belief about a matter of fact, to-wit: the child, Austin, [sic] Green, was his biological child, or that such belief did not negate the kind of culpability required for the commission of the offense, as stated in Paragraph IV of

this charge, you will find against the defendant on this defense.

It is inappropriate for the court make a comment on the evidence. TEX.CODE CRIM. PROC.ANN. art. 38.05 (Vernon 1979).

In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceedings previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX.CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979); *see also Becknell v. State,* 720 S.W.2d 526, 531 (Tex.Crim.App.1986); *Marks v. State,* 617 S.W.2d 250, 252 (Tex.Crim.App. 1981). To constitute reversible error, the comment "must be such that it is reasonably calculated to benefit the State or to prejudice the rights of the defendant." *Becknell,* 720 S.W.2d at 531; *see also Marks,* 617 S.W.2d at 252. Moreover, an objection to a purported comment on the evidence is required to preserve the issue for review. *See Becknell,* 720 S.W.2d at 532.

During the trial, argument was presented in support of appellant as the biological father of Austin. Consequently, the charge to the jury to determine whether it was mistake of fact for the appellant to believe he was Austin's father, was a comment on the evidence. That jury charge negates the argument for appellant as the biological father. Rather, it simply leaves to the jury to decide whether the appellant was mistaken as to his belief that he was the biological father.

We first note that appellant did not preserve the error that the trial court commented on the evidence through the charge. Rather, the appellant requested two charges; both of which were denied. The first proposed charge addressed whether the Brenda Green and appellant agreed to be married. The second proposed charge addressed the presumption that a man is the biological father of a child who, if before the child

---

1. Ineffective assistance of counsel may be raised in a post-conviction writ of habeas corpus. *Ex parte Walker,* 777 S.W.2d 427 (Tex.Crim.App. 1989); *Bowler v. State,* 822 S.W.2d 334, 335 (Tex.App.—San Antonio 1992, pet. ref'd).

reached the age of majority, he received the child into his home and openly held out the child as his biological child. After a short discussion on the record to determine that the charge tracked the statutory language, the trial judge asked if any other objections to the charge remained. Appellant's counsel responded in the negative.

Our second response to appellant's argument that the charge was a comment on the evidence, addresses the issue of an affirmative defense. It is clear that the charge is a comment on the evidence which supports the appellant as the biological father. We have, however, already noted that appellant did not preserve an affirmative defense point of error on his contention that he is the biological father of Austin Green. Thus, the comment does not constitute reversible error. *Becknell*, 720 S.W.2d at 531. That is, the comment does not address any defense appellant has set forth, therefore, it cannot be "reasonably calculated to benefit the State or to prejudice the rights of the defendant." *Becknell*, 720 S.W.2d at 531. We overrule appellant's second point of error.

Appellant's requested charge on the mistake of fact that he had a common law marriage was also overruled. It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense. TEX.PENAL CODE ANN. § 8.02(a) (Vernon 1974). It is necessary that the culpability was an element of the offense. *Green v. State*, 566 S.W.2d 578, 584 (Tex. Crim.App.1978). The kidnapping statute reads:

### § 20.03. Kidnapping

(a) A person commits an offense if he intentionally or knowingly abducts another person.

(b) It is an affirmative defense to prosecution under this section that:

(1) the abduction was not coupled with intent to use or to threaten to use deadly force;

(2) the actor was a relative of the person abducted; and

(3) the actor's sole intent was to assume lawful control of the victim.

(c) An offense under this section is felony of the third degree.

TEX.PENAL CODE ANN. § 20.03. The indictment specifically alleged,

on or about the 18TH day of AUGUST, A.D., 1990, RICHARD W. GREEN, hereinafter referred to as defendant, did then and there intentionally and knowingly abduct another person, namely: AUSTIN GREEN, by secreting and holding her in a place where she was unlikely to be found, without the consent of the said AUSTIN GREEN.

In his requested charge, appellant did not accurately apply the law of mistake of fact to the facts of this case. Appellant's requested charge reads:

Therefore, if you believe from the evidence that on the occasion in question, Brenda Green, agreed to be married and after the agreement they lived together in this state as husband and wife and they represented to others that they were married or if you have a reasonable doubt thereof you will find the Defendant not guilty.

The reason for the request for a charge on mistake of fact as to common law marriage was to establish that appellant believed he was in a marriage and, therefore, he reasonably believed he was the biological father of the child born during that marriage. Appellant's request for a charge on whether the evidence supported the contention that Brenda Green and appellant agreed to be married did not address an element of the offense of kidnapping. Although the court denied appellant's requested charge, it did provide for a charge to determine whether appellant had a mistaken belief as to whether he was Austin's biological father. *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App.1991). The charge presented to the jury by the court did provide a vehicle for the jury to consider the mistake of fact which pertained to the element of the offense. *See Miller*, 815 S.W.2d at 585. We overrule appellant's third point of error.

## PRESUMPTION OF PATERNITY

Appellant contends in his fourth point of error that the trial court erred in refusing appellant's requested charge on presumption of paternity. Appellant testified that before the child's birth he and Brenda cohabited and held themselves out as husband and wife. He further argues that he received Austin into his home and openly held Austin out as his biological child. Arguing that he has met the statutory requirements for the presumption, appellant contends he was wrongfully denied a charge on presumption of paternity.

The charge of the court must distinctly set forth the law applicable to the case. TEX. CODE CRIM.PROC.ANN. art. 36.14 (Vernon 1993). When drafting the charge, it is important that the trial judge does not deviate from the allegations of the indictment. *Williams v. State*, 612 S.W.2d 934 (Tex.Crim. App.1981). In the present case, the appellant's requested charge on presumption of paternity was not relevant to the applicable case law. *See* TEX.CODE CRIM.PROC.ANN. art. 36.14. The appellant did not request an affirmative defense, and the trial court did not submit an affirmative defense claiming he was a relative of Austin. Consequently, the appellant's requested charge on presumption of paternity is not relevant to the applicable law in the case or any issue to be decided by the jury. We overrule appellant's fourth point of error.

## STATUTORY LANGUAGE

In his fifth point of error, appellant contends the trial court erred by commenting on the evidence in its definition of the word "restrain" in the charge. The trial court defined "without consent" by telling the jury that "the parent has not acquiesced in the movement or confinement." The appellant argues that by stating "the parent," the court can only mean the mother, and this was a comment on the evidence. Appellant did object to the form of the definition. The record indicates appellant requested that the term "a parent" be substituted for the term "the parent." The judge denied the request.

When a definition in a charge tracks the statutory language, it is sufficient. *Milligan v. State*, 554 S.W.2d 192, 196 (Tex.Crim.App.

1977) (definition of "firearm" in statute was contrary to definition in *Black's Law Dictionary*). Although the appellant did object to stating of "the parent" in the charge, in the case at hand, the trial judge clearly overruled the objection because the wording tracked the statutory language verbatim. We find the definition in question merely tracks the statutory language and informs the jury of the applicable law. The language is not an impermissible comment. We overrule appellant's fifth point of error.

## MOTION TO SUPPRESS

Appellant's sixth point of error states the trial court erred in denying his motion to suppress evidence. Appellant argues that he had already been indicted on the kidnapping charge at the time the search warrant was issued for obtaining the blood sample of appellant. Because appellant had already been indicted for the offense, the blood sample could not constitute evidence of the offense which formed the basis for the indictment. As a result, appellant contends the evidence produced through the search warrant was bolstering of the complainant's testimony.

Under both a mistake of fact defense and an affirmative defense, the prosecution carries the burden of disproving both defenses. *See Saxton v. State*, 804 S.W.2d 910 (Tex. Crim.App.1991) (mistake of fact defense); *Meraz v. State*, 785 S.W.2d 146 (Tex.Crim. App.1990) (affirmative defense). When an appellant, through evidence, raises a defense to a criminal charge, the prosecution must disprove the defense beyond a reasonable doubt. *McElroy v. State*, 667 S.W.2d 856 (Tex.App.—Dallas 1984) *aff'd* 720 S.W.2d 490 (Tex.Crim.App.1986). Although the appellant in the present did not submit an affirmative defense charge, he did present case a mistake of fact defense. Under either defense the appellant's blood sample constituted "evidence of an offense or constitut[ed] evidence tending show that a particular person committed an offense." TEX.CODE CRIM. PROC.ANN. art. 18.02(10) (Vernon Supp.1993). Because the prosecution carried the burden of disproving appellant's defense and the evidence of the blood sample aided the State against appellant's mistake of fact defense,

the trial court did not err in denying appellant's motion to suppress evidence. We overrule appellant's final point of error.

Having overruled all six points of error, we affirm the judgment of the trial court.