NUMBER
13-00-723-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

___________________________________________________________________

 

CHRISTOPHER CARRERA,                                                   Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

___________________________________________________________________

 

    On appeal from the 197th
District Court of Cameron County, Texas.

___________________________________________________________________

 

                                   O P I N I O N

 

                     Before Justices Dorsey, Yañez, and Chavez[1]

                                  Opinion
by Justice Chavez








A jury found
appellant guilty of capital murder and the trial court assessed his punishment
at life in prison.  We reverse and remand
the case due to fundamental errors contained in the charge to the jury.








Appellant was
indicted for capital murder by intentionally and knowingly killing three
individuals by shooting them with a firearm during the same criminal
transaction.[2]  A second count in the indictment was dropped
at a previous trial.  The record shows
that on April 25, 1998, appellant and Ricky Gomez Hernandez, AEl Boy@, were riding around in a maroon Mustang GT automobile most of
the day.  Appellant was driving because
Ricky did not know how to drive a car with a standard transmission.  Around 9:00 p.m. they came abreast three
other young men that were in a dark brown Camaro.  After passing each other a couple of times,
the Camaro slowed down and one of the individuals
asked Ricky and appellant if they had any beer or knew where they could get
some Amota@ (marijuana).
Ricky asked them to follow their car since he knew where to get some beer.  Appellant drove off and the others
followed.  Eventually, appellant turned
onto a dirt road near the airport and into a darkened area.  As they drove on the dirt road, Ricky
exhibited a gun and told appellant to stop because he wanted to Arip them off.@  Appellant, according to the statement given
to police, told Ricky ANo!@ but stopped the car anyway.[3]  Appellant told police that he sat in the car
while Ricky walked back to the Camaro.  The driver of the Camaro
got out of the car and talked to Ricky, then raised his hands and dropped to
the ground as Ricky shot him.  Appellant
heard additional shots and heard Ricky yell to one of the individuals not to
run and proceeded to shoot the other two occupants of the Camaro.  Appellant told the detective taking his
statement that he had seen all of this through his rear view mirror while
sitting in the car.

After the
shooting, Ricky ran back to the Mustang and appellant sped off.  Appellant stated he did not know why Ricky
had shot the occupants of the Camaro and that Ricky
had just laughed when he got back in the car. 
Afterwards, appellant called his girlfriend, Cindy Medrano, and then
drove over to her house.  When appellant
and Ricky arrived at Cindy=s house, Ricky=s girlfriend
was there also.  Cindy testified that
appellant appeared to be mad and would not talk much to her.  After spending some time with the girls,
Ricky and appellant left and went to a bar where they drank late into the
night.  While at the bar, Ricky began
bragging to those in the bar that he had killed three individuals.  A witness at the bar testified that, while he
did not believe him, Ricky did brag about the shootings.

After the
murders, tips received by police caused them to have a juvenile officer bring
appellant, Cindy, and Ricky=s girlfriend
from the high school to the police station for questioning.  All three were questioned separately and
released.  Because appellant=s and the girls= statements
were inconsistent, police decided to question appellant again the next
day.  However, when police arrived at the
school, they were informed that appellant had unexpectedly withdrawn and was no
longer in school.  Appellant=s family, when
questioned by police, informed them that appellant had gone to San Antonio to
live with his brother and look for work. 
Police located appellant at the address given to them by his family.  After being questioned again, appellant
agreed to and did give police the statement that was admitted into evidence.








First, we note
that appellant was indicted alone and charged with killing three individuals,
Jason Sexton, Ricardo Mata, and Roberto Medrano, by shooting them with a
firearm, all murders being committed during the same criminal transaction.  Appellant was tried under the law of parties.[4]  There is no allegation in the indictment that
appellant conspired with another, nor that the killings were committed in the
course of committing or attempting to commit a robbery or any other felony
offense.  We mention this because the
application paragraph in the court=s charge
authorized conviction if the jury found that appellant conspired with Ricky
Hernandez to rob the victims, and that pursuant to said conspiracy, Ricky
Hernandez murdered the three victims while in the course of committing or
attempting to commit robbery, and that appellant aided and assisted Ricky
Hernandez in committing or attempting to commit the robbery when the shootings
occurred.  No objections were made to the
court=s charge or the
state=s argument on
the instructions just mentioned.  On
appeal, appellant does not complain about this portion of the charge although
it is obvious that he was convicted on theories not charged in the indictment.  Conviction under theories not charged in the
indictment is fundamental error requiring reversal.  Williams v. State,
612 S.W.2d 934, 935 (Tex. Crim. App. 1981); Ross
v. State, 487 S.W.2d 744, 745 (Tex. Crim. App.
1972).  It is important that the
trial judge not deviate from the allegations of the indictment.  Green v. State, 881 S.W.2d 27, 31
(Tex. App.BSan Antonio
1994, no pet.).








In his fourth
point of error, appellant contends that the court committed fundamental error
when it instructed the jury that mere presence alone, or even flight from the
scene was sufficient to find appellant guilty of the offense.  Before closing arguments in a felony case,
the trial court is required to deliver to the jury a written charge distinctly
setting forth the law applicable to the case. 
Tex. Code Crim.
Proc. Ann. art. 36.14 (Vernon Supp. 2002). 
Charge error does not require reversal unless the record shows that the
error was calculated to injure the rights of the defendant, or unless it
appears from the record that the defendant has not had a fair and impartial trial.  Tex. Code Crim. Proc. Ann. art.
36.19 (Vernon 1981). 
All objections to the charge shall be made at the time of trial.  We have already said that no objections were
made to the charge.

The evidence is
undisputed that appellant was the driver of the car and that he did not shoot
any of the three persons that were killed. 
Appellant=s sole defense
was that he was merely present at the time of the killings.  In his motion for directed verdict after the
state rested, appellant=s counsel
stated to the court:

I believe the
State=s evidence, at
best, is not most favorable to the State and shows that the defendant was
merely present at the scene. It shows that he fled the scene.  The court will instruct the jury in a few
minutes from now that mere presence alone is not enough or even flight from the
scene is insufficient to sustain a conviction as a party to the offense.

 

The court
overruled appellant=s motion for
instructed verdict and gave the jury the following charge:








You are further
instructed that the mere presence alone, of the defendant, Christopher Carrera, at the scene of the murders, if any, or even
flight from the scene without more, is sufficient to sustain a
conviction as a party to an offense and mere knowledge that an offense is about
to be committed will not make Christopher Carrera a
party to the offense; nor will knowledge that an offense is being committed, or
has been committed, nor will his failure to give alarm, his silence or inaction
make him a party to the offense, and if you should find from the evidence
beyond a reasonable doubt that Ricky Hernandez did in the course of committing
or attempting to commit robbery, shoot Ricardo Mata, Roberto Moreno or Jason
Sexton with a firearm in the course of the same criminal transaction and that
the defendant, Christopher Carrera was present, but
you further find from the evidence, or you have a reasonable doubt thereof,
that the defendant, Christopher Carrera, did not,
with intent to promote or assist the commission of the robbery, if any,
solicit, encourage, aid or attempt to aid Ricky Hernandez in committing such
robbery, if any, then you will find the defendant, Christopher Carrera not guilty of Capital Murder. (emphasis
added)

 

The
state argues that the erroneous charge does not rise to egregious error because
both parties in their closing statements informed the jury that mere presence
alone was not sufficient to make one a party to the offense.  While defense counsel did make such a
statement, the state did not.  The state=s argument,
however, is without merit because even if both counsel had made such an
argument to the jury, the argument had to be disregarded under the instructions
of the charge.  That is, the court
further instructed the jury as follows:

You are
instructed that the statements of counsel made during the course of the trial
or during argument, if not supported by evidence, or statements of law made by
counsel, if not in harmony with the law as stated to you by the Court in these
instructions, are to be wholly disregarded.

 








The
court=s instructions
are obviously erroneous and harmful. 
Mere presence has never been sufficient to make one a party to the
offense.  Oaks v. State, 642
S.W.2d 174, 177 (Tex. Crim. App. 1982); Valdez v.
State, 623 S.W.2d 317, 321 (Tex. Crim. App. 1981)
(The state must show more than mere presence to establish participation in a
criminal offense.)  Because error was not
preserved at the trial court level, we must determine if such error constitutes
egregious harm requiring reversal.  Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). 
Errors which result in egregious error are those which affect >the very basis
of the case,= deprive the
defendant of a >valuable right,= or >vitally affect
a defensive theory.=  Hutch, 922 S.W.2d at
171.  We have said that appellant=s sole defense
was that he was merely present at the time of the murders and did not
participate in them.  We hold that the
charge given by the court constituted egregious error which deprived appellant
of a fair and impartial trial. 

Accordingly,
we reverse. 

                                                                          


MELCHOR CHAVEZ

Justice

 

 

 

Do not
publish.  Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this the

6th
day of June, 2002.











[1]Retired
Justice Melchor Chavez, assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t
Code Ann. '
75.002 (Vernon 1998).





[2]
Tex. Pen. Code Ann. ' 19.03(7) (Vernon 1994).





[3]
These facts are taken from appellant=s
statement, which was admitted in evidence over his objection. Appellant did not
testify.





[4]
Although appellant was not charged as a party, it was unnecessary to do so
because the law of parties may be applied to a case even though no such
allegation is contained in the indictment. 
Pesina v. State, 949 S.W.2d 374,
377 (Tex. App.BSan
Antonio 1997, no pet.).