*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★   ★   ★   ★   ★   ★   ★

## MEMORANDUM OPINION

No. 04-08-00542-CR

Kenneth Wayne **RIDER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-9945
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Sandee Bryan Marion, Justice
    Rebecca Simmons, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  November 18, 2009

AFFIRMED

Appellant Kenneth Wayne Rider was convicted by a jury of kidnapping a six-year old child (E.M.).  On appeal, Rider contends the evidence is legally insufficient to prove that: (1) Rider did not have a legal right to E.M.; and (2) Rider intended to prevent E.M. from being found.  We affirm the judgment of the trial court.

**FACTUAL BACKGROUND**

On September 4, 2006, Rider visited his ex-wife Betsy at her residence. Rider sought permission to take Betsy's six-year old daughter, E.M., to Sea World for Labor Day. Though Rider and Betsy had three biological sons, Rider was not the biological father of E.M. and did not have custody or visitation rights to E.M.

Betsy allowed Rider to take E.M. to Sea World but refused to allow E.M. to spend the night with Rider afterwards. Because the Sea World tickets were too expensive, Rider took E.M. to the swimming pool at a co-worker's apartment complex. Rider did not return E.M. to Betsy that night; instead, Rider and E.M. spent the night with a co-worker's family. Although Betsy called Rider's cellular telephone, leaving several messages, Rider did not answer or return the calls.

The following morning, Betsy confronted Rider at his workplace and demanded to know E.M.'s location. After Rider refused to disclose E.M.'s location, Betsy called the police. San Antonio Police Officer David Poole spoke with Betsy and then visited Rider at work. Once again, Rider refused to disclose E.M.'s location and stated that if the officer arrested him, E.M. would never be seen again. Officer Poole described Rider as uncooperative. Based on his refusal to disclose E.M.'s location, Rider was placed under arrest. Rider was subsequently interviewed by Detective Lisa Miller; however, Rider again refused to disclose E.M.'s location.

After approximately one hour, Detective Miller searched Rider's cellular telephone, and called Amy Urias, the wife of Rider's co-worker. Urias confirmed Rider left E.M. in her possession, Rider had not called regarding arrangements to pick up E.M., and she could not reach Rider on his cellular telephone. Urias said Rider claimed he was a single parent because

E.M.'s mother died during childbirth. E.M. was returned to Betsy at the police station. Rider was charged and convicted of kidnapping and this appeal followed.

## KIDNAPPING

### A. Standard of Review

In reviewing the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

### B. Elements of the Offense

Rider argues the evidence was legally insufficient to prove he had no legal right to E.M. As support, Rider asserts the State did not prove that he and Betsy were divorced, that he was not the biological father of E.M., or that he lacked visitation rights to E.M.

A person commits a kidnapping "if he intentionally or knowingly abducts another person." TEX. PENAL CODE ANN. § 20.03(a) (Vernon 2003). "Abduct" means "to restrain a person with the intent to prevent his or her liberation by: (1) secreting or holding him in a place where he is not likely to be found; or (2) using or threatening to use deadly force." *Id*. § 20.01(2). "[T]he State is not required to prove that the defendant actually secreted or held another. Instead the State must prove that the defendant restrained another with the specific intent to prevent liberation by secreting or holding the person." *Laster v. State*, 275 S.W.3d 512, 521 (Tex. Crim. App. 2009).

To "restrain" means to "restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person." TEX. PENAL CODE ANN. § 20.01(1) (Vernon 2003). Restraint is "without

consent" if it is "accomplished by: (1) force, intimidation, or deception; or (2) any means, including acquiescence of the victim, if the victim is a child who is less than 14 years of age or an incompetent person and the parent, guardian, or person or institution acting in loco parentis has not acquiesced in the movement or confinement." *Id*.

### C. Affirmative Defense

It is an "affirmative defense to kidnapping that: (1) the abduction was not coupled with intent to use or to threaten to use deadly force; (2) the actor was a relative of the person abducted; and (3) the actor's sole intent was to assume lawful control of the victim." TEX. PENAL CODE ANN. § 20.03(b) (Vernon 2003). The State is burdened with proving the essential elements of the offense beyond a reasonable doubt. *See Lugo v. State*, 923 S.W.2d 598, 603 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd).

Contrary to Rider's allegations, the State is not required to present evidence in support of an affirmative defense. *See id.* Rather, Rider had the burden of proving all three elements of the affirmative defense, specifically lawful custody. *Id.* Once raised, an affirmative defense is submitted to the jury only when there is evidence to support it. *Green v. State*, 881 S.W.2d 27, 28 (Tex. App.—San Antonio 1994, pet. ref'd). Rider did not introduce evidence with regard to any of the affirmative defense elements required by section 20.03(b). TEX. PENAL CODE § 20.03(b). Additionally, Rider failed to present any evidence rebutting the prosecution's testimony that he was not related to E.M.

### D. Intent to Prevent Liberation

Rider next asserts the evidence was legally insufficient to prove he had the intent to prevent E.M.'s liberation. Thus, we must determine whether any rational trier of fact could have

found beyond a reasonable doubt that Rider acted with the required specific intent. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The offense of kidnapping "is legally completed when the defendant, at any time during the restraint, forms the intent to prevent liberation by secreting or holding another in a place unlikely to be found." *Laster*, 275 S.W.3d at 521. The trier of fact may infer intent from circumstantial evidence as well as the defendant's own conduct. *See Maldonado v. State*, 998 S.W.2d 239, 243–244 (Tex. Crim. App. 1999).

The record contains a substantial amount of evidence regarding Rider's conduct. At trial, four witnesses testified that Betsy did not give Rider permission to keep E.M. overnight. A family friend stated Betsy panicked when Rider did not return E.M. the night in question. E.M. testified that Betsy said E.M. could not spend the night with Rider. Rider, however, kept E.M. overnight without notifying Betsy or returning any of her phone calls.

Also, Rider kept E.M. in a location where it was difficult for others to find her. Rider left E.M. with Urias, an individual unknown to either E.M. or Betsy, while Rider went to work. Rider did not take E.M. to school, nor did he notify Betsy of E.M.'s location. Furthermore, based on the information provided by Rider, Urias had no reason to suspect that other people were searching for E.M. In fact, Rider claimed he was raising E.M. alone. When Betsy confronted Rider at work, Rider refused to disclose E.M.'s location. Rider further refused to disclose E.M.'s location to Officer Poole and Detective Miller—even threatening that E.M. would never be seen again if he were arrested.

Based on a review of the record, we conclude a rational trier of fact could have found beyond a reasonable doubt that Rider had the specific intent to prevent E.M.'s liberation by secreting or holding E.M. in a place unlikely to be found. *See Jackson*, 443 U.S. at 319; *Clayton*,

235 S.W.3d at 770. Thus, the evidence is legally sufficient to support the conviction. We, therefore, affirm the judgment of the trial court.


Rebecca Simmons, Justice

DO NOT PUBLISH