Johnny Dale PRESTON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45109.

Court of Criminal Appeals of Texas.

June 21, 1972.

John Cutler, Jim Skelton, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Tom Henderson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery by assault. Punishment was assessed by the jury at five years.

Appellant's sole contention is that the court erred in not admitting into evidence, at the time it was offered, the time card of Joe Myer's Ford Company for the appellant on the day in question.

Edna Faye Baylor identified appellant as the person who robbed her at gun point while she was working at Lipp Cleaners in Houston, on March 5, 1970. Witness Baylor did not again see appellant after the robbery, until the day before Thanksgiving, 1970, when she recognized appellant at Prince's Drive-in on the corner of Cullen and the Gulf Freeway in Houston. Subsequently, Edna Faye Baylor identified appellant as the person who robbed her at a line-up on November 30, 1970, and made an in-court identification of appellant during the trial.

Witness Rush, Parts Manager of Joe Myer's Ford Company, testified that he had brought to court a duplicate copy of a time card for appellant for the date of March 5, 1970, the original having to remain in the file for the Interstate Commerce Commission. After the court sustained the objection to appellant's offer of the time card and at a time when the jury was retired from the court room, the court advised counsel that the State had withdrawn its objection to the introduction of the time card, and it would be admitted into evidence. Thereafter, in the presence of the jury, the State withdrew its objection; the time card was admitted into evidence and, at the request of appellant, it was passed to the jurors. Appellant urges that the entire effect of the time card was lost upon the jury because of the method and procedure of the court and that it was particularly harmful to appellant since his defense was alibi and conviction depended upon identification testimony of one witness.

This Court has consistently held reversal is not required by exclusion of evidence where same testimony was later admitted without objection. E.g., Wagoner v. State, 402 S.W.2d 738. See also Hays v. State, 480 S.W.2d 635 (1972). We perceive no harm to appellant in the instant case by the exclusion of the time card when it was subsequently admitted into evidence.

The judgment is affirmed.

Opinion approved by the Court.