**AFFIRMED; Opinion Filed March 19, 2015.**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-14-00443-CR**
_____

**DAVID GUTIERREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81872-2013**

## OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

Appellant David Gutierrez was convicted of assault family violence, a class A misdemeanor, following a trial before the court. He was sentenced to confinement for one year in county jail, suspended for two years' community supervision, and a $250 fine. In two issues, he argues that he received ineffective assistance of counsel and that the trial court erred by refusing to allow appellant to question the complainant regarding motive. We affirm.

### BACKGROUND

On the night of Friday, November 16, 2012, appellant and his wife, complainant Julie Gutierrez, married since June of 2008, got into an argument. According to the complainant, the disagreement arose over her unwillingness to have sex with appellant. Appellant left the house at around 10:00 p.m., returning a few hours later. The complainant testified that, when appellant returned to the house, he attempted to force her to have sex with him. While he was doing this,

he grabbed the complainant's wrist and caused it to hit the night stand next to their bed. The complainant went to the hospital the following day, November 18, 2012. She told a nurse what had happened, and the police were called. The complainant gave an oral statement, but she told the police she did not want to press charges.

The complainant met with a divorce attorney on December 7, 2012. That evening, she and appellant were lying in bed talking about separating. Their two-year-old son, Antonio, was sitting on the edge of the bed watching television. The complainant testified that appellant, who she believed was intoxicated, grabbed her left breast and told her "he wanted to get a piece of this before" she slept with another man. When the complainant told him no, appellant slapped her face twice. The complainant went to the children's room and called the police. When the police arrived, Gutierrez denied slapping the complainant. He told them that he and his wife were discussing separating and that he merely "tapped" her in the face so that she would pay attention to him. The responding officer testified that he saw a red mark on the complainant's cheek. Appellant was placed under arrest.

Appellant was indicted for the offense of continuous violence against the family. *See* TEX. PENAL CODE ANN. § 25.11. The indictment alleged that on or about November 18, 2012, he intentionally, knowingly, or recklessly caused bodily injury to the complainant, a member of the defendant's family, by grabbing, throwing and pushing her with his hands, and that on or about December 7, 2012, appellant intentionally, knowingly, or recklessly caused bodily injury to the complainant by striking her with his hand, and that this conduct occurred during a period that was twelve months or less in duration. *See id*. § 25.11(a).

Appellant denied the allegations. He testified that, when he returned home at around midnight on November 17, 2012, the complainant was asleep, and that he also went to sleep. He testified that he never touched or even contacted his wife in any kind of offensive or harmful

way, and that he believed she was coached to fabricate, or even orchestrated, the allegations in order to gain an advantage in the ongoing divorce proceedings.

Appellant was convicted of the lesser-included offense of assault family violence, a class A misdemeanor, after a trial before the court. *See id*. § 22.01(a)(1), (b). The trial court sentenced appellant to confinement for one year in county jail, suspended for two years' community supervision, and a $250 fine. This appeal followed.

## DISCUSSION

### *1. Ineffective Assistance of Counsel*

In his first issue, appellant contends trial counsel was ineffective for failing to object to "multiple witnesses' testimony that the complainant was truthful." Appellant's complaint is based on five specific instances of testimony introduced by the State, to which there was no objection from defense counsel. The first occurred during the testimony of Officer Silvestre Moura of the Plano Police Department, who was dispatched to the hospital shortly after the complainant went there for medical treatment on November 18, 2012. He testified in part as follows:

> Q. [PROSECUTOR:] And how did you take that in conjunction with the training and experience we've already talked about and her demeanor?
>
> A. Well, it seemed to me that she was afraid to make the report. She said repeatedly that she didn't want anything to happen to her husband; she didn't want to make the report.
>
> But, again, I—I see that a lot, so I tried to explain to her that, you know, usually these cases tend to get worse before they ever get better.
>
> I gave her all the information, the pamphlet that we had, that I could, and I tried to see if she would reconsider, but she was very much against giving a written statement.
>
> And I told her that, you know, despite her not wanting to press charges, that I was going to have to at least put everything down in a report and that it was going to be made.

The remaining four instances when trial counsel allegedly failed to object to testimony that the

complainant was truthful occurred when the State called Officer Mary Jung, who responded to

the December 7, 2012 disturbance call at the complainant's home.  Jung testified in part:

Q.  [PROSECUTOR:]  When you say that she was nervous to talk to you, was it also your understanding that she was the one who had called 911?

A.  Yes.  Yes.

Q.  So how did [sic] take that in evaluating the situation?

A.  Some people in domestic violence, they are—they're just afraid to give the information.  Sometime you got to talk to 'em a little bit longer.  They're just afraid of the situation; maybe the aftereffects of everything going on.

* * *

Q.  [PROSECUTOR:]  And, Officer, out of all of the domestic violence dispatches you have responded to, and in your training and experience, you've probably seen a wide range of injuries.  Correct?

A.  Correct.

Q.  In this instance when somebody has said that they have been slapped, is what you saw, what she was describing, consistent with that?

A.  It was.

* * *

Q.  [PROSECUTOR:]  I want to ask you a few more just general questions about domestic violence victims, both based on your training and experience.

Is it common for them to hide what has happened from—to them from friends and family?

A.  Absolutely.

Q.  Is it common for them to put on a brave face when they are out in social gatherings for people who don't know what's going on?

A.  Yes.

Q.  Have you ever seen a difference between someone who has called the police for an assault that has just occurred and it's the first time it's ever happened, versus someone who's reported a history of domestic violence?

A.  I've seen a pattern here and there with—sometimes people who it first happens to, they just are kind of baffled.  They really don't know what—what's going on yet.  It—they haven't seen it before, so sometimes they don't want to

–4–

press charges, because they—they just—they just want to, basically, see if this happens again.

* * *

Q.    [PROSECUTOR:] And everything you personally observed about [complainant's] demeanor on that night, what did—what conclusions did that lead you to?

A.    That there may—it—she said, you know, it's not the first time that this has happened to her; um, but—but I—I concluded that she actually wanted—wanted to get out of the situation.

To be entitled to a new trial based on the ineffective assistance of counsel, appellant must show by a preponderance of the evidence that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). The first prong requires the appellant to show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. 687–88; *Lane*, 303 S.W.3d at 707. The second prong requires the appellant to show there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694; *Lane*, 303 S.W.3d at 707. An appellant's failure to satisfy one prong negates a court's need to consider the other prong. *Strickland*, 466 U.S. at 697; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

In determining whether an appellant has met his burden, we consider the totality of representation and the particular circumstances of each case. *Lane*, 303 S.W.3d at 707. We strongly presume counsel's conduct fell within the wide range of reasonable professional assistance, and we do not judge counsel's actions in hindsight. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The fact that another attorney might have pursued a different strategy at trial is not sufficient to prove counsel was ineffective. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004). "[U]nless there is a record

–5–

sufficient to demonstrate that counsel's conduct was not the product of strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'" *State v. Morales*, 253 S.W.3d 686, 696–97 (Tex. Crim. App. 2008) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Appellant did not file a motion for new trial. When there is no proper evidentiary hearing on a motion for new trial, it is extremely difficult to show counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The court of criminal appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). When faced with such a silent record, we "should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). We do not speculate on what counsel's strategy may have been with regard to the alleged error. *Scott v. State*, 392 S.W.3d 684, 687 (Tex. App.—Dallas 2010, no pet.).

In this case, the record is silent as to counsel's reasons for not objecting to the testimony quoted above. In the face of a silent record, we must presume counsel had a plausible reason for his actions. *Johnson v. State*, 432 S.W.3d 552, 557 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Tong v. State*, 25 S.W.3d 707, 713–14 (Tex. Crim. App. 2000)). Counsel may have concluded that, even if the statements were inadmissible at least in part, he did not wish to highlight the statements by objecting. *See Alberts v. State*, 302 S.W.3d 495, 506 n. 7 (Tex. App.—Texarkana 2009, no pet.) (concluding that counsel's decision to withhold objection to testimony concerning victim's truthfulness may have been tactical decision to avoid calling

jury's attention to objectionable testimony).  Alternatively, he could have thought that, since any testimony the officers may have given regarding the complainant's truthfulness was, at most, implied or indirect and relatively brief, it did not damage his case enough to object.  In addition, the trial court had previously admonished defense counsel, toward the end of his cross-examination of the complainant, that "I'm not trying the divorce" and "to move it along."  Based on the record before us, we therefore cannot conclude that counsel's failure to object was so outrageous that no competent attorney would have declined to object.  We conclude appellant has not shown his trial counsel was ineffective.  We overrule appellant's first issue.

### 2. Restricting Appellant's Cross-Examination of the Complainant

In his second issue, appellant contends the trial court erred by refusing to allow appellant to question the complainant as to her motive.  The State responds that appellant did not preserve his argument for appellate review, the trial court properly excluded irrelevant testimony, and that any error the trial court may have made was harmless because the testimony was otherwise admitted without objection.

Appellant's complaint concerns two specific occasions during defense counsel's cross-examination of the complainant when the trial court sustained the State's objection regarding the relevance of the testimony.  The first occurred when defense counsel attempted to explore the complainant's prior behavior in the divorce case by asking whether the trial court had granted her motion for a protective order.  The relevant portion of the record reads as follows:

> Q.  [DEFENSE COUNSEL:]  And December the 18th, before Judge Roach—by the way, he didn't grant that protective order, did he?
>
> A.  He granted the ex parte protective order.
>
> Q.  But he also gave y'all a—basically, divided up the house, access to the children; after hearing these things from you, he agreed that he—David could come in on certain days, into the home; you stayed in an apartment.  And vice versa; when you were there, he had to stay in an apartment.  Is that right?

–7–

A. What—what is your question again?

Q. So, in other words, he didn't—he heard your evidence, whatever was shared about any domestic violence allegations, and he did not grant the protective order did he?

[PROSECUTOR]: Object to relevancy.

THE COURT: Sustained.

Assuming, without deciding, that appellant's complaint was preserved for appellate review, we review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court does not abuse its discretion unless its decision to admit or exclude the evidence lies outside the zone of reasonable disagreement. *See Martinez*, 327 S.W.3d at 736; *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009). We will uphold the trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *See De La Paz*, 279 S.W.3d at 344.

Only relevant evidence is admissible. *See* TEX. R. EVID. 402. Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence in determining the action more or less probable than it would be without the evidence. TEX. R. EVID. 401.

Appellant cites, among other authorities, *Shelby v. State*, 819 S.W.2d 544 (Tex. Crim. App. 1991), where the Court of Criminal Appeals found that the trial court's limitation on the scope of the defense's cross-examination as to a witness's pecuniary interest in the outcome of the trial was harmful error. But the facts in *Shelby* are quite different from the facts of this case. In *Shelby*, the trial court refused to allow the defense to cross-examine the complainant's mother, the State's outcry witness in that sexual assault case, regarding a pending lawsuit she brought against the owners of the apartment complex where the assault occurred. *Id*. at 545. The court of criminal appeals held that the trial court erroneously excluded the mother's testimony about

–8–

her lawsuit because it was apparent from the record that the appellant wanted to question the complainant's mother about a $125,000 lawsuit she had brought about two months after she reported the offense to the police against the corporate owners of the property and the appellant––a groundskeeper at the apartment complex. *Id*. at 545, 550. The court added, "It defies reason and logic to argue that the court did not understand the purpose or scope of the inquiry." *Id*. The court further concluded that the refusal to allow the questioning violated the defendant's Sixth Amendment rights. *Id*. But the defendant in that case made an offer of proof in which the complainant's mother testified that she filed the lawsuit against the landlord where the assault occurred approximately two months after she reported the offense to the police. *Id*. at 550. The issue of the mother's bias was, thus, apparent from the questions asked of her. *See id*. In this case, by contrast, appellant made no such showing. The trial court could have found that the question defense counsel asked the complainant had no bearing on any fact of consequence in this criminal action. Therefore, we cannot say the trial court abused its discretion by sustaining the State's objection.

The State's second objection was asserted when the defense attempted to ask the complainant about her familiarity with family law:

Q. [DEFENSE COUNSEL:] You had—you—you had called the law office of John Wilson as early as November 30th of 2012. Is that correct?

A. I scheduled the appointment.

Q. On November 30th?

A. I don't remember what date.

Q. Okay. And on—you scheduled, then, I—the appointment for December 7th?

A. I scheduled—yeah. That's—

Q. Okay.

A. —first appointment.

Q. And how long were you at their offices on December 7th?

A. I don't remember exactly. Probably a couple hours.

Q. Okay. And who did you meet with?

A. Katrina Schroeder and Mr. Wilson.

Q. Okay. And had you told them about the November allegation?

A. Yes, sir. I took the week to reflect on the past family violence, and actually walked in with about a three-page document listing out all the past incidents.

Q. And so you became a little bit more informed about the process, the way the divorce case would work, and what they would have to bring in to court to get maybe a protective order granted; those types of things. Right?

A. I—your question is, I became more familiar with what?

Q. Did they explain the process to you; how it worked in a divorce court?

A. What process?

Q. The—the whole entire family law process. The divorce case, the—any temporary orders; those kinds of things.

[PROSECUTOR]: Object to relevance.

THE COURT: Sustained.

But after the State's objection was sustained, defense counsel asked Gutierrez substantially the same question, without objection from the State:

Q. [DEFENSE COUNSEL:] In other words—and then on December the 7th, when the evening time comes up, before this call is made to the police department, you're a little more educated than you were before the consultation. Right?

A. Educated about what, sir?

Q. You're educated about the way the family law case would interact if there was a criminal filing   Is that right?

A. No, sir.

Q. Okay.

Assuming, without deciding, that appellant's complaint concerning the State's second

–10–

objection was preserved for appellate review, and that the trial court erred by limiting appellant's cross-examination, any error in this instance was harmless. A violation of the Texas Rules of Evidence is reviewed under the standard for nonconstitutional error contained in Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007); *Smith v. State*, 355 S.W.3d 138, 152 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Error in the exclusion of evidence is rendered harmless where the same evidence is admitted elsewhere without objection. *See, e.g., Preston v. State*, 481 S.W.2d 408, 409 (Tex. Crim. App. 1972) ("This Court has consistently held reversal is not required by exclusion of evidence where same testimony was later admitted without objection."); *Montgomery v. State*, 383 S.W.3d 722, 727 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Although the trial court may have initially excluded this evidence, the later admission renders harmless any possible error."); *Khoshayand v. State*, 179 S.W.3d 779, 784 (Tex. App.—Dallas 2005, no pet.) ("Any error in excluding evidence is harmless if the same evidence is subsequently admitted without objection."); *Lenoir v. State*, No. 05–92–01992–CR, 1994 WL 236348, at *5 (Tex. App.—Dallas May 31, 1994, no pet.) (not designated for publication) ("Error in the exclusion of evidence is harmless where the same evidence is admitted otherwise at trial."). Accordingly, any error the trial court may have made in sustaining the State's second relevance objection was rendered harmless beyond a reasonable doubt by the fact that the same evidence was admitted elsewhere in the proceedings without objection. We overrule appellant's second issue.

The trial court's judgment is affirmed.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140443F.U05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

## **JUDGMENT**

DAVID GUTIERREZ, Appellant

No. 05-14-00443-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-81872-2013.
Opinion delivered by Justice Myers. Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of March, 2015.