

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00050-CR

CURTIS DOYS RUST, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 31801

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

After Curtis Doys Rust, Jr., testified that he shot and killed William Sisk during an argument, a Hunt County jury rejected Rust's claim of self-defense, convicted him of murder, and sentenced him to fifty-five years' imprisonment.

On appeal, Rust argues that the trial court erred in excluding statements made by Sisk in the moments leading up to his death. Rust contends the excluded statements were admissible under (1) the present sense impression exception to the hearsay rule, (2) the then-existing mental or emotional condition exception to the hearsay rule, and (3) Article 38.36(a) of the Texas Code of Criminal Procedure. [1]

We overrule Rust's points of error after concluding that they are not preserved for our review. Accordingly, we affirm the trial court's judgment.

## I.     Factual and Procedural Background

The evidence at trial established that the argument between Rust and Sisk began while the two were returning to Rust's home from the liquor store. According to Rust, the argument escalated, and Sisk punched him repeatedly during the drive. Rust testified that he pulled into his driveway, "walked straight in the house, briskly," to retrieve his gun, and returned to the driveway to shoot Sisk.

---

[1] Article 38.36(a) provides,

> In all prosecutions for murder, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.

TEX. CODE CRIM. PROC. ANN. art. 38.36(a) (West 2018).

During his direct testimony, the State raised a hearsay objection as Rust sought to introduce a statement uttered by Sisk during the altercation. Outside the presence of the jury, Rust argued that statements made by Sisk were admissible under (1) the present sense impression and then-existing mental or emotional condition exceptions to the hearsay rule, *see* TEX. R. EVID. 803(1), (3), and (2) Article 38.36(a) of the Texas Code of Criminal Procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 38.36(a) (West 2018). The trial court rejected Rust's argument and disallowed testimony of statements made by Sisk while he was a passenger in Rust's vehicle. After the trial court's ruling, Rust generally testified that Sisk had harassed him by threatening his life.

## II.     Rust's Points of Error Are Not Preserved for Review

On appeal, Rust argues that the trial court erred in excluding the evidence because it comprised threatening statements that "reflect[ed] the plan that [Sisk] had formed to assault [Rust]." We find the issue unpreserved.

A party may claim error in the exclusion of evidence only if he "informs the court of its substance by an offer of proof, unless the substance was apparent from the context." TEX. R. EVID. 103(a)(2). "The offer of proof may be in question-and-answer form or in the form of a concise statement by counsel." *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009). There was no question-and-answer offer of proof in this case. "An offer of proof to be accomplished by counsel's concise statement must include a reasonably specific summary of the evidence offered . . . so that the court can determine whether the evidence is relevant and admissible." *Id.* (quoting *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998)). Additionally, an offer of proof must be made "as soon as practicable—and before the court reads its charge to the jury." TEX. R. EVID.

3

103(c).  "Error is not preserved if the offer of proof is inadequate."  *Kamanga v. State*, 502 S.W.3d 871, 877 (Tex. App.—Fort Worth 2016, pet. ref'd).

Our review of the reporter's record shows that, while Rust did present legal arguments about admissibility, he failed to give a specific summary of Sisk's statements before the trial court's ruling or inform it that the statements were of a threatening nature.[2]  It was also not apparent from the context of the legal arguments that Rust sought to admit threatening statements made by Sisk.  Although Rust filed a motion for new trial containing the substance of the statements made by Sisk, that offer of proof was untimely.[3]

In sum, because Rust failed to make a timely offer of proof, he has not preserved his points of error on appeal.  *See* TEX. R. EVID. 103(a), (c); *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999).  They are overruled.

---

[2]At trial, Rust only clarified the substance of non-threatening statements made by Sisk.  Rust sought admission of a statement by Sisk that "Rust is not the man of the house" and statements "concerning [Sisk's] ability to walk in and out of [Rust's] house."  Rust argued that these statements should be admitted as statements against Sisk's interest. The trial court overruled Rust's request.  On appeal, Rust does not argue that the trial court erred in issuing this ruling.

[3]Moreover, error in the exclusion of evidence is rendered harmless where the same evidence is admitted elsewhere. *Preston v. State*, 481 S.W.2d 408, 409 (Tex. Crim. App. 1972).  Although Rust did not clarify the substance of Sisk's statements, he informed the trial court after its ruling of his belief that they were the same statements admitted by the State during its case-in-chief.  Indeed, Rust recounted his version of events, including threating statements made by Sisk, many times in State's exhibits 1, 2, and 3, which were all admitted into evidence earlier during the trial.

4

### III. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted: January 23, 2019
Date Decided: February 6, 2019

Do Not Publish